**Joe J. WEBER, Appellant,**

v.

**John R. BLOCK, Secretary, Department of Agriculture, Appellee.**

No. 84–2566.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 11, 1985.

Decided Feb. 18, 1986.

Rehearing Denied March 27, 1986.

---

**314**

Roger L. Sherman, Overland Park, Kan., for appellant.

Linda L. Parker, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Joe J. Weber appeals from a judgment of the district court[1] rejecting his claim that the United States Department of Agriculture discriminatorily denied him two job promotions in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 631 (1982), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f) (1982). The district court found that Weber had established a prima facie case of age discrimination. The court also found that the Department had articulated legitimate, nondiscriminatory reasons for its promotion decisions and that Weber had failed to carry his burden of showing that these reasons were pretextual. Weber urges us in this appeal to overturn these findings as against the weight of the evidence[2] and clearly erroneous. We conclude that the district court's findings are not clearly erroneous and therefore affirm.

Weber was employed by the Department of Agriculture, in its Data Systems Field Office in Kansas City, since November 1961. He was promoted four times, the last to his position at the time of this suit as Offset Press Operator, WB–7. Between 1966 and 1976 Weber received ten citations for his job performance. Among these were cash awards, certificates of merit, and letters of commendation for superior job performance. The quality of Weber's work was rated more than proficient[3] in

---

1. The Honorable John W. Oliver, Senior United States District Judge for the Western District of Missouri.

2. Appellant's argument that the district court's findings are against the weight of the evidence presents an improper basis on which to appeal from the judgment of the trial court. We review the trial court's findings of fact under the clearly erroneous standard. Fed.R.Civ.P. 52;

*Anderson v. City of Bessemer City,* —— U.S. ——, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

3. Weber's performance rating for the period from July 1, 1975 to July 1, 1976 was 6 out of a possible 9 points. For the period from July 30, 1976 to July 31, 1977, Weber's performance was rated 7 out of a possible 9 points.

performance evaluations covering the period from July 1975 to July 1977.

In 1976, when he was 57 years old, Weber applied for promotion to two positions which had become available in the print shop. The first position, Offset Press Operator Foreman, WS-7, became available in July 1976. The job entailed supervision of approximately 24 mail and press room employees. Everett Asberry, Supervisory Administrative Specialist, rated applicants for the position. This rating determined which applicants would be placed on the list of best-qualified applicants from which the final selection was made. Weber's name was not placed on the list. John Blitgen, a thirty-eight year old applicant, was selected to fill the position.

In August or September 1976 the position of Offset Press Operator Supervisor, WS-4, became available. This position entailed supervision of 5 Offset Press Operators. Again Asberry rated the applicants and Weber's name was not certified to the best-qualified candidates list. Weber talked to Joseph Tresnak, Office Services Manager. Tresnak reevaluated Weber's file and certified him to the list of best-qualified applicants for the WS-4 position. Weber was considered for, and denied the position. Dennis Laube, the applicant selected, was thirty-four years old and then the youngest employee in the press room.

After exhausting the administrative review process, in which his claim was denied at each stage, Weber filed suit in the federal district court. As evidence of age bias against him, Weber presented evidence that Tresnak and Maynard Cox, both members of the selection panel for the WS-4 position, had made specific derogatory remarks regarding his age. He also presented as general evidence of age bias a chart which purportedly showed that, during his

tenure as Office Services Manager, Tresnak never promoted an applicant over forty years old where a younger applicant was available.

The district court found that Weber had established a prima facie case of age discrimination in accordance with the standard announced in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 95 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[4] *Weber v. Block*, Civ.No. 84-0451-CV-W-1, slip op. at 7 (W.D.Mo. Nov. 8, 1984). The court found, however, that the Department had adduced sufficient evidence to rebut the presumption of discrimination created by Weber's prima facie case. *Id.* at 8. Finally, the court found that Weber had failed to provide sufficient evidence to show that the legitimate nondiscriminatory criteria by which the Department alleged the promotion decisions were made were pretextual. The court specifically found that Tresnak did not make the derogatory statements attributed to him, *Id.* at 10, and that the statistical evidence presented was insufficient to prove discriminatory promotion procedures. *Id.* at 13.

Weber argues on appeal that the district court's findings of fact and conclusions of law are against the weight of the evidence and clearly erroneous.

■ The standard of review in such cases as this one is well established. The plaintiff always bears the ultimate burden of proving that the employer discriminated against him or her on a prohibited basis. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981); *Craft v. Metromedia, Inc.*, 766 F.2d 1205, 1211 (8th Cir.1985). Whether an employer engaged in intentional discrimination is a question of fact which may be set aside only if clearly erroneous. *Craft*, 766 F.2d at 1211; *see*

---

4. The court held in *McDonnell-Douglas* that a plaintiff establishes a prima facie case of discrimination in employment practices by showing (1) that he or she belongs to the minority group, (2) that he or she applied and was qualified for the available job, (3) that, despite his or her qualifications, he or she was rejected, and (4) that after rejection the position remained

open and the employer continued to seek applicants. *McDonnell-Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824. This standard, articulated in the context of a racial discrimination in employment suit, is also applicable to age discrimination in employment suits. *See e.g., Trans-World Airlines, Inc. v. Thurston*, —— U.S. ——, ——, 105 S.Ct. 613, 620, 83 L.Ed.2d 523 (1985).

Fed.R.Civ.P. 52. We are bound by the Supreme Court's recent construction of the clearly erroneous standard of review. *See Anderson v. City of Bessemer City,* —— U.S. ——, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1984). Thus, we may not overturn the district court's factual findings merely because we might have concluded differently had we initially decided the issue. A finding is clearly erroneous only when, "even though there is evidence in the record to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Anderson,* 105 S.Ct. at 1511.

The district court specifically addressed the central points of Weber's case on appeal in determining whether he had satisfied his ultimate burden of proof. Tresnak, Weber contended, referred to Weber and others in the press room as "old guys" and "old sons'a'bitches," and specifically to Weber as a "loud old man." The district court found that Tresnak had referred to the men in the pressroom as "old guys", but that he did not make the other statements. The court concluded that "the preponderance of credible evidence does not establish that Tresnak made specific derogatory remarks which may be said to establish that age discrimination was a factor that influenced Tresnak's judgment." *Weber,* slip op. at 10.[5]

■ Credibility determinations are uniquely within the province of the trier of fact and may "virtually never" be clearly erroneous. *Anderson,* 105 S.Ct. at 1512, *quoted in Craft v. Metromedia,* 766 F.2d at 1212. The district court noted that Weber had no first-hand knowledge of Tresnak's remarks, and that the testimony attributing these remarks to Tresnak were uncorroborated by reliable witnesses. The court found Tresnak's denial of these statements, and the reasons he advanced for his promotion decisions, credible. *Weber,* slip op. at 9–10. We conclude that the district court's credibility determination is not clearly erroneous.

■ Next, the district court carefully evaluated the reasons offered for Weber's non-promotion. The court accepted as valid Asberry's testimony that Weber was screened out for the WS–7 foreman position because his supervisory ability score was below the minimum eligibility requirement.[6] The court also found credible the testimony that Weber was not selected for the WS–4 supervisor position because he did not have the combination of experience, supervisory skills, and ability to get along with others possessed by the other applicants. The thorough record from the administrative proceedings bolstered the court's conclusions based on the testimony at trial.

---

5. Weber testified at trial that Maynard Cox asked him a question during the interview for the WS–4 position which he interpreted as a derogatory remark concerning his sexual activity in light of his age. The district court did not rule directly on whether the question was asked. The court, however, found credible Cox's testimony that he was not influenced by age bias in his decision making. *Weber,* slip op. at 12.

6. Weber was rated 1 on supervisory ability. The minimum required rating for the best-qualified candidate list is 2. After being reevaluated for the WS–4 position, Weber was rated 2. Tresnak testified that Weber received a boost in rating in part because the WS–4 position entailed supervision of a smaller group of employees.

The court noted that even had the boost in Weber's supervisory ability rating been made earlier, thereby rendering him eligible for the best-qualified list for the WS–7 job, his mini-

mum score of 2 was lower than that of at least one unsuccessful applicant. Thus, the court concluded, it could not be said that Weber would have received the WS–7 promotion "but for" the screen-out portion of the application. *Weber,* slip op. at 11.

We think it necessary to point out that had Weber been screened out for the WS–7 position because of age bias, the fact that he might legitimately have been denied the promotion would not defeat his age discrimination claim. *See Bibbs v. Block,* 778 F.2d 1318, 1323–24 (8th Cir.1985) (en banc). Weber, however, does not specifically target the screening decision as discriminatory. This argument may be considered subsumed in his allegations that Tresnak and the others harbored age bias against him. To this extent, his contentions were addressed and resolved by the district court's determination that age bias was not a factor in the selection process. *Weber,* slip op. at 17.

The court recognized that subjective factors played a part in evaluating the applicants' supervisory skills and potential, and that this subjective analysis must be closely scrutinized. It concluded, however, that the subjective analysis involved in determining supervisory ability was not tainted by discriminatory age considerations.

For reversal, Weber repeats his contentions advanced at trial that the panel members misrepresented the basis for their decision. He argues that Maynard Cox was unfamiliar with the applicants and could only have based his evaluation of Dennis Laube's supervisory ability and ability to get along with employees and management on his impressions during the interview. Weber also points out that Laube had no supervisory experience and received supervisory training only after his selection for the position. Thus, he argues, Tresnak's statement that supervisory ability was a factor in Laube's selection was clearly pretextual. He also emphasizes the selection panel's use of subjective factors in evaluating the applicants.

The thrust of Weber's contention is that the panel's testimony regarding the selection proceeding lacked credence. Thus, the appellant merely invites us to substitute our credibility determination for that of the trier of fact. This we cannot do. Nothing in the record convinces us that the district court's determinations are clearly erroneous.

Our conclusion is not altered by Weber's exhibit which purports to show that Tresnak consistently denied promotions to persons over age 40 years.[7] The exhibit provided a skeletal breakdown of openings available from October 1975 to May 1976. The district court found that the information provided was incomplete and insufficient to prove discriminatory promotion procedures. We agree that the data is insufficient, alone or with the other evidence, to establish discriminatory treatment in this instance. *See Gay v. Waiters'*

*And Dairy Lunchmen's Union Local No. 30,* 694 F.2d 531, 552 (9th Cir.1982) (to establish discriminatory treatment solely through statistical evidence the data must show "a clear pattern unexplainable on other grounds * * *."

For the foregoing reasons, we affirm the district court's judgment denying Weber's claim for injunctive and declaratory relief and for damages.

---

**7.** The chart was prepared by the Department of Agriculture as part of its investigations connected with the case.