**Rufus GARLINGTON, Appellant,**

v.

**ST. ANTHONY'S HOSPITAL ASSOCIATION, d/b/a Conway County Hospital, Appellee.**

**No. 85–1731–EA.**

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1986.

Decided June 10, 1986.

Morris W. Thompson, Little Rock, Ark., for appellant.

G. Ross Smith, Little Rock, Ark., for appellee.

Before GIBSON and WOLLMAN, Circuit Judges, and HARPER,* Senior District Judge.

HARPER, Senior District Judge.

Rufus Garlington, an employee of St. Anthony's Hospital Association, doing business as Conway Hospital, brought this action pursuant to Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e–5, and pursuant to 42 U.S.C. Sec. 1981. Garlington alleges that he was denied a promotion by his employer because of his race (Black) and his religion (Baptist). He further alleges that he was denied an annual salary increase and placed on ninety days probation in retaliation for his claim against the hospital. The district court found that although Garlington had presented a prima facie case of racial discrimination, the hospital met its burden by showing a legitimate, non-dis-

criminatory reason for the employment decision, and Garlington failed to sustain his ultimate burden of proving he had been the victim of intentional discrimination because he did not demonstrate that the hospital's proferred reason was a mere pretext for discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–804, 93 S.Ct. 1817, 1824–1825, 36 L.Ed.2d 668 (1973); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). The district court found that Garlington presented no evidence to support his charge of religious discrimination and did not prove his retaliation claim. The court, therefore, denied Garlington relief. Garlington appeals the district court's decision alleging that certain of the court's findings of fact are clearly erroneous.[1] We hold that the district court's findings are not clearly erroneous and affirm the judgment in favor of the hospital.

Garlington was employed by the hospital from July, 1979 through March, 1984. In June, 1980, he was promoted from the position of orderly to Emergency Medical Technician. During 1980, 1981 and early 1982, on four separate occasions, Garlington was counseled and received written reprimands concerning his frequent tardiness, his failure to notify the hospital prior to absences, and his failure to report to work. In March, 1982, the position of Purchasing Manager became available. The qualifica-

---

* The Honorable Roy W. Harper, Senior U.S. District Judge for the Eastern District of Missouri, sitting by designation.

1. During appellate argument, appellant also challenged the legal standard applied in this case. Appellant asserted that the district court committed an error of law by applying the McDonnell-Douglas model to the facts of this case. The Supreme Court set forth this model for proof of unlawful discriminatory treatment under Title VII in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802–804, 93 S.Ct. 1817, 1824–1825, 36 L.Ed.2d 668 (1973). Under the McDonnell-Douglas model, first the plaintiff must establish a prima facie case of discrimination; second, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for rejecting the plaintiff; and third, the plaintiff must prove that the legitimate reasons proferred by the defendant were a pretext for

discrimination. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). Appellant relies on *Lams v. General Waterworks Corp.*, 766 F.2d 386 (8th Cir.1985), to support its proposition. In *Lams*, this Court found that the district court committed an error of law by applying the McDonnell-Douglas model because the plaintiffs in that case were never actually interviewed or considered for the positions in dispute. All that the defendants in that case could offer were post hoc comparisons between the promoted employees and the plaintiffs, the defendants failed to explain why the plaintiffs were never interviewed. In contrast, the appellant in this case was interviewed and considered for the position. The *Lams* case is distinguishable from this case and therefore its reasoning does not apply to the facts of this case.

tions required for the position were "two years of college or in-service on-the-job training with related business experience," knowledge of procedures for procurement of supplies, and familiarity with the organization of the hospital.

The Hospital Administrator, Johnson Smith, interviewed several applicants, including Garlington, and Bruno Hoelzeman, a white male, who was ultimately selected for the position. Garlington and Hoelzeman both met the minimum qualifications for the position of Purchasing Manager. Hoelzeman was an employee of the hospital from 1971–1978. During 1977 and 1978, he was Director of Ambulance Services and received average and above average ratings in all areas of his performance evaluation. Hoelzeman was a police officer at the time of his application. In April, 1982, Garlington received written notification from Smith that another candidate had been selected for the position.

In June, 1982, Garlington's attorney sent Smith a letter giving notice of Garlington's grievance concerning the hospital's failure to select him for Purchasing Manager. Later that month, the hospital denied Garlington's salary increase because of chronic tardiness. He had been tardy 52 times during the evaluation period ending June 28, 1982. On August 26, 1982, the hospital placed Garlington on 90 days probation for tardiness. On September 10, 1982, Garlington filed a charge of discrimination with the Equal Employment Opportunity Commission. Later in September, Garlington received another written reprimand of tardiness. In December, 1982, after successfully completing his probation period, Garlington received his annual salary in-

crease. The district court found that Garlington did not prove his retaliation claim because the dicipline was justified in light of his chronic tardiness and because he eventually received his annual salary increase.

Appellant challenges three specific findings of fact by the district court.[2] Appellant alleges that these findings are not a permissible view of the evidence and are clearly erroneous because they are based upon Johnson Smith's testimony which appellant asserts is not credible.

The standard governing appellate review of a district court's findings of fact is set forth in Federal Rule of Civil Procedure 52(a): "Findings of fact * * * shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

The United States Supreme Court has further elaborated the "clearly erroneous" standard in numerous decisions. In *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948), the Supreme Court stated that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." The Supreme Court has warned that the appellate court must keep in mind that its function, in applying the clearly erroneous standard, is not to redecide the factual issues de novo. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 123, 89 S.Ct. 1562, 1576, 23 L.Ed.2d 129 (1969). If the

2. Appellant challenges paragraphs 11, 12 and 13 of the district court's findings of fact:
  "11. Plaintiff was interviewed by Administrator Smith on April 8, 1982 for the position. Smith was aware of plaintiff's numerous reprimands and work history and considered them in not selecting plaintiff for the position.
  "12. Hoelzeman was selected by Smith for the position in April, 1982. Hoelzeman, an employee of the hospital during the period 1971–1978, was Director of Ambulance Services, a managerial position, when he left to join the City of Morrilton Police Department.

While employed by the defendant as Ambulance Services Director, Hoelzeman received average and above average ratings in all areas of his performance evaluation.
  "13. In selecting Hoelzeman, Smith considered his managerial experience as Ambulance Services Director, including his inventory and purchasing duties. Smith also considered Hoelzeman's integrity as a law enforcement officer to be of importance in light of the circumstances surrounding the departure of the previous Purchase Manager."

district court's findings of fact are plausible when viewed in light of the entire record, the court of appeals may not reverse even though the court may have weighed the evidence differently had it been sitting as the trier of fact. *Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985). With respect to findings of fact that involve credibility of witnesses, the Supreme Court has provided:

> "When findings are based on determination regarding the credibility of witnesses, Rule 52 demands even greater deference to the trial court's findings; for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said."

*Anderson, supra,* at 1512.

To support his contention that Smith's testimony lacked credibility, appellant points to Smith's alleged inability to describe with particularity the duties of Purchasing Manager; Smith's alleged lack of knowledge concerning the skills or training necessary of successful performance of the Purchasing Manager position; Smith's alleged inability to say whether the skills that Hoelzeman acquired in his former jobs were transferrable to the Purchasing Manager position; Smith's failure to contact the police department regarding Hoelzeman; Smith's alleged lack of familiarity with how the Ambulance Service was structured when Hoelzeman was director; Smith's alleged inconsistency between his testimony at his deposition and in court concerning consultation with the personnel director about Garlington and Hoelzeman; and Smith's failure to look into Hoelzeman's educational qualifications. Much of the testimony pointed to by appellant does not directly relate to the credibility of the witness and some of the testimony is only remotely related to the specific findings of fact to which appellant objects. The transcript contains ample testimony supporting the challenged findings of fact. Smith testified that he was aware of appellant's chronic tardiness when he interviewed appellant for the Purchasing Manager position. He also testified that he reviewed appellant's personnel file and spoke with the Personnel Director and Nursing Director concerning appellant's tardiness. Smith testified that he reviewed Hoelzeman's personnel file and it indicated that Hoelzeman had managed the Ambulance Service successfully. Finally, Smith testified that he considered Hoelzeman's managerial experience as Ambulance Service Director and background as a police officer in selecting him for the position.[3]

The district court's findings of fact are plausible when viewed in light of the entire record and are not "clearly erroneous."

We affirm the judgment in favor of the hospital.

---

**3.** The Purchasing Manager position became available because the former Purchasing Manager had apparently mishandled hospital funds. Smith indicated that he considered Hoelzeman's experience as a law enforcement officer as an added strength in view of the recent experience with the former Purchasing Manager.