**Irvan MULLINS, Appellant,**

v.

**UNIROYAL, INC. and Tim Neville, as Manager, Appellees.**

No. 86–1117.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1986.
Decided Nov. 13, 1986.

Walter M. Calinger, Red Oak, Iowa, for appellant.

Soren S. Jensen, Omaha, Neb., for appellees.

Before LAY, Chief Judge, FAGG, Circuit Judge, and LARSON,* Senior District Judge.

FAGG, Circuit Judge.

Irvan Mullins brought this action against his former employer and its manager, Uniroyal, Inc. and Tim Neville, claiming he was discharged in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634. The district court found Mullins ultimately failed to prove he had been discharged because of his age. We affirm.

Mullins worked at the Uniroyal plant in Red Oak, Iowa, for ten years. The plant manufactured hoses. Mullins began there as the distribution/scheduling supervisor and traffic manager. Uniroyal later promoted him to other management positions. In early 1982 Uniroyal eliminated Mullins' position at the plant. The company then offered him a choice between severance pay and returning to the position he originally held with Uniroyal.

Mullins chose to stay with Uniroyal. In once again serving as distribution/scheduling supervisor, Mullins was responsible for scheduling production in the plant and maintaining sufficient raw materials for that production. Since he had last held this position, however, the plant's production levels and overall operations intensified, making the position more demanding. In June 1982, Uniroyal notified Mullins that he was being terminated due to poor performance. Although the company relieved Mullins of his supervisory responsibilities, it permitted him to work in a different capacity for seven more months to vest his pension. Mullins was fifty-eight years old at the time he was discharged.

Mullins then filed this age discrimination action. At trial he made a prima facie showing of discrimination. Uniroyal responded by producing evidence that it had discharged Mullins for legitimate, nondiscriminatory reasons. Based upon the record as a whole, the district court found Mullins failed to carry his ultimate burden of proving he had been discriminated against because of his age. On appeal Mullins challenges the district court's findings.

In reviewing the district court's determinations made after trial, we focus upon the question whether Uniroyal's actions were discriminatory. *See Holley v. Sanyo Mfg., Inc.,* 771 F.2d 1161, 1168 (8th Cir.1985); *see also United States Postal Serv. Bd. of Governors v. Aikens,* 460 U.S. 711, 714–15, 103 S.Ct. 1478, 1481–82, 75 L.Ed.2d 403 (1983). The district court's determination that Mullins failed to show Uniroyal's actions were discriminatory is a finding of fact. We cannot reverse the district court's factual determination unless we conclude it is clearly erroneous. *See* Fed. R.Civ.P. 52(a). " '[A] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)); *see Garlington v. St. Anthony's Hosp. Ass'n,* 792 F.2d 752, 754 (8th Cir.1986). It is not sufficient that we may have decided the case differently were we to review the evidence de novo. *See Anderson,* 470 U.S. at 573–74, 105 S.Ct. at 1511–12.

Here, several years had passed since Mullins first held the distribution/scheduling supervisor position. The responsibilities and pressures of this position had vastly increased. Mullins' difficulty in handling this position during his second tenure is evidenced by the numerous "incident reports" that were filed by Mullins' supervisors. The reports detail his errors over the months before Uniroyal decided to terminate him. For example, Mullins issued an incorrect order for cutting hose, submitted

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of

Minnesota, sitting by designation.

an incorrect production schedule to the secretary for processing, exceeded expectations for overtime, and most importantly, failed to obtain adequate supplies for a scheduled Saturday work detail and Uniroyal management was forced to cancel the extra work day.

To support his claim of age discrimination, Mullins points to a reference to his "relatively advanced working age" made by Uniroyal's Board of Benefits and Awards. Mullins takes the statement out of context. As the district court noted, the Board was expressing its concern that Mullins have a vested pension with some employer. Thus, rather than making his termination immediate, Uniroyal permitted Mullins to work seven more months in order to obtain a vested pension with the company.

Mullins argues we should remand this case to the district court with instructions to apply the principles stated in *Bibbs v. Block,* 778 F.2d 1318 (8th Cir.1985) (en banc). Mullins essentially contends he established that age was a "discernible factor" in Uniroyal's decision to terminate him when he made a prima facie showing of discrimination under the pattern of proof set out in *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Therefore, he asserts that the company's decision was based on a "mixed motive." Mullins maintains that under *Bibbs* and *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), the district court should have required the employer to show by a preponderance of the evidence that, notwithstanding age as a factor in the employment decision, Mullins was discharged for a nondiscriminatory reason.

■ Mullins' reliance on *Bibbs* is misplaced. If we were to accept Mullins' argument, we in effect would overrule the well-established principles set out in *Burdine.* As stated in *Burdine,* when a prima facie case is shown by the employee, the employer's burden is only to come forward with evidence of a nondiscriminatory reason for the employment decision. The burden of persuasion always remains on the employee to show the reason given by the employer is pretextual. *See Burdine,* 450 U.S. at 252–53, 101 S.Ct. at 1093. Here, Mullins suggests that once a plaintiff-employee proves a *Burdine* prima facie case the court is faced with a mixed motive situation and the burden of persuasion shifts to the employer. Under his argument, every prima facie case would become a mixed motive case. That position is clearly incorrect.

■ *Bibbs* applies only when the employee establishes that the employment decision was based on a mixed motive. For example, a mixed motive case under *Bibbs* exists when the defendant-employer concedes that age was a discernible factor, but not a motivating one, for the employment decision. *Bibbs* would also apply absent an employer's concession when the trial court finds that a discriminatory reason was a discernible factor in the employer's decision-making process. Nevertheless, a mixed motive case does not exist simply because a discriminatory reason might be inferred when the employee establishes a prima facie case.

■ In the present case, the district court determined Uniroyal fired Mullins as a purely business decision. Age was not a factor, and thus, *Bibbs* was not applicable. Further, we do not inquire into the soundness of an employer's business decision. The ADEA is not intended for that purpose. *See Bell v. Gas Serv. Co.,* 778 F.2d 512, 515 (8th Cir.1985); *Jorgensen v. Modern Woodmen of Am.,* 761 F.2d 502, 505 (8th Cir.1985); *see also O'Connor v. Peru State College,* 781 F.2d 632, 638 (8th Cir. 1986).

■ After thoroughly reviewing the record, we conclude the district court's finding of no discrimination is not clearly erroneous. Accordingly, the district court's judgment is affirmed.

Affirmed.