Sharon BOUDREAUX, Appellant,

v.

HELENA–WEST HELENA SCHOOL DISTRICT; G.H. Chorley, Individually & in his official capacity as Supt. of Helena-West Helena School District et al., Appellees.

No. 86–2234.

United States Court of Appeals, Eighth Circuit.

Submitted May 4, 1987.

Decided May 27, 1987.

Sam Whitfield, Jr., Helena, Ark., for appellant.

David Solomon, Helena, Ark., for appellees.

Before McMILLIAN, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

PER CURIAM.

Sharon Boudreaux appeals from a final judgment entered in the District Court [1] for the Eastern District of Arkansas, dismissing her Title VII employment discrimination action. For reversal, Boudreaux argues the district court erred in (1) finding the school district had articulated a legitimate, nondiscriminatory reason for not hiring her, (2) finding she had failed to prove that the reason advanced by the school district was pretextual, and (3) finding the school district had developed objective, non-discriminatory criteria in its recruitment and selection process. For the reasons discussed below, we affirm the judgment of the district court.

In June 1983, Sharon Boudreaux, a black woman, was one of several applicants for the position of Business Procedures teacher at the Helena-West Helena High School. Following interviews, the choice of candidates was narrowed to Boudreaux and Suzanne Rowland. The school district hired Rowland, a white woman, allegedly because she had more teaching experience in the subject area.

On February 8, 1984, Boudreaux filed a charge of racial discrimination with the Equal Employment Opportunity Commission (EEOC). On April 19, the EEOC dismissed her charge and issued a right to sue letter.

On June 19, 1984, Boudreaux, Edward Evans and Mary Jackson Whitfield brought a class action claiming race discrimination

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

in employment against the Helena-West Helena School District, its superintendent, two school principals, and the individual members of the school board. On July 1, 1986, the plaintiffs dismissed their request for class certification. Trial proceeded as to Boudreaux's individual claim. At its conclusion, the district court held that Boudreaux had established a prima facie case of discrimination, but the school district had articulated a legitimate, nondiscriminatory reason for its refusal to hire her. *Boudreaux v. Helena-West Helena School District*, No. H–C–84–99, slip op. at 3 (E.D. Ark. July 14, 1986). The district court further found that Boudreaux had failed to prove that the reason advanced by the school district was pretextual. *Id.* This appeal followed.[2]

Boudreaux argues the district court erred in finding that the Helena-West Helena School District articulated a legitimate, nondiscriminatory reason for choosing another applicant over her. In support of this argument, Boudreaux states she was more qualified for the position because she has a master's degree in vocational and business education and more than ten years of business and teaching experience while Rowland has only a bachelor's degree in business education and three years of teaching experience. Boudreaux also argues that she presented credible evidence that the school district's reason for not hiring her was pretextual by showing that although the racial makeup of the school district is approximately 55% white and 45% black, only 40% of the teachers at the secondary level are black. Boudreaux further alleges the school district's recruitment and selection process results in both overt and subtle discrimination because persons involved in hiring are afforded too much latitude and subjectivity.

The school district denies any discrimination and claims it satisfied its burden of production by showing Rowland was hired because she had more direct teaching experience. The school district further asserts that an intensive investigation in 1985 by the Office of Civil Rights of the U.S. Department of Education found the school district had developed and implemented objective, nondiscriminatory hiring criteria and practices. These hiring criteria and practices were in effect when Boudreaux applied for a teaching position.

■ In a Title VII suit, the plaintiff always bears the ultimate burden of persuasion that the employer intentionally discriminated against him or her. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981); *Weber v. Block*, 784 F.2d 313, 315 (8th Cir.1986). "Whether an employer engaged in intentional discrimination is a question of fact which may be set aside only if clearly erroneous." *Weber v. Block*, 784 F.2d at 315. *See, e.g., Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985).

■ Here, the record supports the district court's determination that the school district refused to hire Boudreaux for a legitimate, nondiscriminatory reason: Boudreaux did not have as much direct teaching experience as the successful applicant, Suzanne Rowland. Boudreaux had five semesters of teaching experience in typing, general business and shorthand, some of it only part-time. Boudreaux's business experience consisted mainly of secretarial work. Rowland had slightly more direct teaching experience than Boudreaux; Rowland had six semesters of full-time teaching experience in typing, accounting, and office practice and had also taught an office practice course at a community college. The school district admitted the choice between Boudreaux and Rowland was a close one. In addition to the evidence presented to establish her prima facie case, Boudreaux's evidence of pretext consisted of her suspicion that race had been a factor in the hiring decision and her belief that her

---

2. On August 18, 1986, Mary Jackson Whitfield's complaint was dismissed with prejudice. She did not pursue an appeal. Following a trial on the merits, Edward Evans's complaint was dismissed and judgment entered for the defendants. Evans filed an appeal to this court, which has since been withdrawn.

French last name had fooled and confused school officials.

After carefully reviewing the record, we hold the district court's finding that Boudreaux failed to prove that the school district's articulated reason for refusing to hire her was pretextual is not clearly erroneous.[3]

Accordingly, the judgment of the district court is affirmed.

---

3. Because Boudreaux did not establish that race was a discernible factor in the school district's refusal to hire her, this is not a mixed motive case and *Bibbs v. Block,* 778 F.2d 1318, 1324 (8th Cir.1985) (banc), is not applicable. *See Johnson v. Legal Servs. of Ark., Inc.,* 813 F.2d 893, 900 n. 1 (8th Cir.1987); *Mullins v. Uniroyal, Inc.,* 805 F.2d 307, 309 (8th Cir.1986).