925 F.2d 1100
 55 Fair Empl.Prac.Cas. 113,
55 Empl. Prac. Dec. P 40,543
Pauline SCHLEINIGER, Appellant,
v.
DES MOINES WATER WORKS, an Independent Entity Under the City
of Des Moines, Iowa, and The Board of Trustees
Thereof, Appellees.
 No. 90-2010.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 8, 1991.
Decided Feb. 12, 1991.
 
 Garry Woodward, Des Moines, Iowa, for appellant.
 Jon P. Sullivan, Des Moines, Iowa, for appellees.
 Before LAY, Chief Judge, and MAGILL and LOKEN, Circuit Judges.
 LAY, Chief Judge.
 
 
 1
 Pauline Schleiniger, age fifty-six, alleges she was terminated from her position as administrative secretary to the Des Moines Water Works Board of Trustees ("Water Works") because of her sex, age, and in retaliation for a sex discrimination report she had made several years earlier. She had worked for Water Works thirty-seven years. The district court[1] found that her age discrimination action was barred by the statute of limitations and in the alternative that she had failed to prove age discrimination. The district court also found that Schleiniger had failed to prove her sex discrimination and retaliation claims. Schleiniger appeals, claiming the district court erred by (1) failing to apply the burden of proof standard governing a mixed motive discrimination case, (2) holding that her age claim is barred by the statute of limitations, and (3) allowing Water Works's attorney to testify at trial.[2] We affirm the court's judgment of dismissal; however, we vacate that portion of the judgment holding the age discrimination claim barred by the three year statute of limitations.
 
 
 2
 Schleiniger was employed by Water Works as a secretary from 1947 until June 4, 1984, when she was terminated. She worked for Dean Johnson, the general manager. In 1981, Schleiniger alleges that she made a report regarding sex discrimination at Water Works at Water Works's request. Schleiniger alleges that Johnson's attitude toward her thereafter changed and that he started harassing her. Later, as a result of a reorganization at Water Works, some of Schleiniger's duties were removed.
 
 I. Mixed Motive
 
 3
 Schleiniger argues that her case is a mixed motive case and the court should have allocated the burden of proof according to the standard set out in Price Waterhouse v. Hopkins, 490 U.S. 228, 250-54, 109 S.Ct. 1775, 1791-92, 104 L.Ed.2d 268 (1989). We disagree. The district court correctly allocated the burden of proof based on McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973). A mixed motive case exists either when (1) the employer "concedes that age was a discernible factor, but not a motivating one, for the employment decision" or (2) the "trial court finds that a discriminatory reason was a discernible factor in the employer's decision-making process." Mullins v. Uniroyal, Inc., 805 F.2d 307, 309 (8th Cir.1986). Simply because a discriminatory reason might be inferred from a prima facie case does not mean that a mixed motive case exists. Id. The district court found that Schleiniger was terminated because she was inefficient, uncooperative, and unprofessional and not because of her age or sex. This finding is not clearly erroneous.
 
 II. Statute of Limitations
 
 4
 Schleiniger filed a complaint, under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Sec. 623 (1989), and Title VII, 42 U.S.C. Secs. 2000e-2(a), 2000e-3 (1989), with the Iowa Civil Rights Commission on December 6, 1984. On February 25, 1985, the Equal Employment Opportunity Commission ("EEOC") sent her a letter acknowledging that her claim had been filed with the state commission and stating that she had two years (three years in cases of willful violations) from the date of the alleged discriminatory action to file a private suit under the ADEA. The EEOC informed her on March 21, 1988, that its investigation had not established any statutory violations and that she had ninety days to file suit from receipt of the determination. She filed this action June 17, 1988. The district court, based on the February 25, 1985, letter, found that her age discrimination action was barred by the three year statute of limitations.
 
 
 5
 Although we affirm the dismissal of the age discrimination claim based on the district court's alternative finding, we deem it important for future cases to observe the trial court's error in its ruling on the statute of limitations. Schleiniger was entitled to an extension of the limitations period under the Age Discrimination Claims Assistance Act ("ADCCA"), Sec. 3, 29 U.S.C. Sec. 626 note (1989). The ADCCA extended the limitation period 540 days from the date of its enactment if the person was not notified of the disposition of his or her claim before the ADEA statute of limitations ran. Id. In this case, Schleiniger was not notified of the EEOC's disposition until March 21, 1988. The district court erroneously found that Schleiniger's claim did not come within the ADCCA because the February 25, 1985, letter notified her of the EEOC's disposition of her claim. However, the February 25 letter only acknowledged that Schleiniger's complaint had been filed with the state commission, it did not dispose of the claim. The EEOC notified Schleiniger of its final determination of her claim in the March 21 letter. Therefore, we hold that Schleiniger's claim falls under the ADCCA and she is entitled to the 540 day limitations extension.
 
 
 6
 Although Schleiniger's age discrimination claim was not barred by the statute of limitations, the district court found in the alternative that Schleiniger did not prove age discrimination. According to the district court, she also failed to prove her sex discrimination and retaliation claims. The district court found that Water Works's business reasons for terminating Schleiniger were not pretextual. Because this finding is not clearly erroneous, we affirm the judgment dismissing all of Schleiniger's claims.
 
 
 7
 The portion of the district court's opinion on the statute of limitation is vacated; the judgment dismissing plaintiff's case is affirmed.
 
 
 
 [1]
 The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa, presiding
 
 
 [2]
 This claim lacks merit. Trial counsel testified that he had witnessed the execution of a written statement that already had been admitted as a trial exhibit without objection. Schleiniger testified that the signature on the statement was not genuine. The person whose signature was in question had died prior to trial. The testimony could not have been provided by another witness and was of a formal nature. United States v. Trapnell, 638 F.2d 1016, 1025 (7th Cir.1980). The decision allowing the testimony was not clearly erroneous. Id