**Robert BEITH, Appellant,**

v.

**NITROGEN PRODUCTS, INC., Appellee.**

**No. 93–1118.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 13, 1993.

Decided Sept. 27, 1993.

Victor L. Hill, Helena, AR, argued, for appellant.

David Solomon, Helena, AR, argued, for appellee.

Before McMILLIAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Robert Beith appeals from the final order entered in the United States District Court [1] for the Eastern District of Arkansas, granting judgment to Nitrogen Products, Inc. (NPI), in Beith's age discrimination action. *See* Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634. For the reasons discussed below, we affirm the judgment of the district court.

At age 55, Beith was hired in November 1990 by NPI, a producer of industrial liquid fertilizer, as a nitric acid operator. NPI terminated Beith four weeks later after the results of a physical examination revealed Beith had degenerative disc disease and osteoarthritis, precluding him from lifting repetitively more than twenty pounds. After exhausting his administrative remedies, Beith filed an amended complaint charging NPI with age discrimination. Beith alleged that his physical condition did not preclude him from performing his job assignments. He sought reinstatement, back pay, injunctive relief, and attorney's fees.

At a bench trial, Beith testified that his position required him to read gauges and controls and did not involve any heavy work. After Dr. Marion A. McDaniel gave Beith his required physical examination, NPI's personnel manager told Beith he had a bad back and should not pick up over twenty pounds the rest of his life, and terminated him. Beith first requested a re-examination by Dr. McDaniel and then he saw another specialist, who supplied his report to NPI, but Beith was not rehired. Beith stated that he did not complain about his back and he performed his work adequately. Two other employees testified that Beith did not complain about his back and he was able to do the work.

Dr. McDaniel's deposition was admitted into evidence in lieu of his live testimony. His examination revealed that Beith was in good physical condition for a man his age. The x-ray reports showed Beith had degenerative disc disease at L5 and osteoarthritis at L4 and L5. He recommended that Beith not lift repetitively over twenty pounds. He further stated that he would expect some arthritis in most men Beith's age.

As part of NPI's defense, Paula Turnmire, personnel manager, testified that NPI hired a large number of people to prepare the plant for operation. Employees were hired temporarily pending a physical examination. When she received Dr. McDaniel's report of Beith's physical examination, she reviewed the physical requirements in Beith's job description and consulted with the plant manager. They determined that Beith was at high risk for injuries and that the workers' compensation liability risk was too high for NPI to assume.

Turnmire introduced evidence that of the 17 employees NPI employed in operator positions, 8 employees were over age 40 with 4 employees older than 50 years of age, and that 73 out of a total of 162 permanent NPI

<hr />

1. The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

employees were over age 40. The plant manager testified that he concurred in the decision not to continue Beith's employment because of his back problem, and that the operations position required activity in excess of Beith's recommended physical exertional limitations.

In rebuttal, the superintendent of the plant testified that the operations job required heavy lifting at times, but he could not say whether it was every day, every other day, or once a month. With the exception of supervisors, Beith was the oldest employee in the operations department. Beith testified that the second medical opinion he secured stated that there was no reason why he should not be working because his physical condition was normal for a man his age, and he had had essentially no difficulty with his back. Noting the x-ray finding of degenerative lumbar disease, the doctor strongly recommended that his job request be reconsidered favorably.

The magistrate judge concluded that Beith did not establish a prima facie case of age discrimination because he did not prove that NPI replaced him with a younger person. The magistrate judge also rejected Beith's contention that because his back condition was an ordinary and natural consequence of aging and NPI fired him because of his back condition, then, by inference, he was fired because of his age. In addition, the magistrate judge found that even if Beith established a prima facie case, NPI showed that it rejected Beith for a reasonable reason other than age. The magistrate judge noted that discharging Beith for an anticipated, increased risk of his filing a workers' compensation claim was harsh, but that it was not unreasonable, and that the termination for economic reasons was not a pretext for discrimination. The magistrate judge also noted that Beith may have an actionable claim under Arkansas law.

■ Where a case was tried on the merits and the trier-of-fact heard evidence on both sides, we "need not concern [ourselves] with the order of proof and presumptions, but, rather, should 'simply study the record with a view to determining whether the evidence is sufficient to support whatever find-

ing was made at trial.'" *Hall v. American Bakeries Co.,* 873 F.2d 1133, 1135 (8th Cir. 1989) (quoting *Barber v. American Airlines, Inc.,* 791 F.2d 658, 660 (8th Cir.), *cert. denied,* 479 U.S. 885, 107 S.Ct. 278, 93 L.Ed.2d 254 (1986)). The magistrate judge's determination that Beith did not prove that NPI intentionally discriminated against him because of his age is a question of fact, subject to the clearly erroneous standard of review. *See Mullins v. Uniroyal, Inc.,* 805 F.2d 307, 308 (8th Cir.1986).

■ "'Congress made plain that the age statute was not meant to prohibit employment decisions based on factors that sometimes accompany advancing age, such as declining health or diminished vigor and competence.'" *Holley v. Sanyo Manufacturing, Inc.,* 771 F.2d 1161, 1167 (8th Cir.1985) (quoting *Loeb v. Textron, Inc.,* 600 F.2d 1003, 1016 (1st Cir.1979)); *see also Hazen Paper Co. v. Biggins,* —— U.S. ——, ——, 113 S.Ct. 1701, 1707, 123 L.Ed.2d 338 (1993). Upon our review of the record, we could discern no evidence that the decision to terminate Beith was other than for his back condition. Because back conditions may be more prevalent in older employees does not alone make the decision an age-based decision. The magistrate judge found that, although harsh, NPI's actions were for economic reasons, not age. Because this court is not to inquire into the soundness of an employer's business decision, *see Mullins v. Uniroyal, Inc.,* 805 F.2d at 309, we do not believe the magistrate judge's finding was clearly erroneous.

Accordingly, the judgment of the district court is affirmed.