_____

No. 95-3954
_____

Alonzo Bouie,                          *
                                       *
          Appellant,                   *
                                       *
     v.                                *   Appeal from the United States
                                       *   District Court for the
Trudy Huskamp Peterson,                *   Eastern District of Missouri.
Archivist of the United States         *
of America,                            *        **[UNPUBLISHED]**
                                       *
          Appellee.                    *


_____

Submitted:  November 7, 1996

Filed:  November 22, 1996
_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
_____

PER CURIAM.


Alonzo Bouie, a black employee of the National Archives and Records
Administration, filed this employment discrimination action claiming that
he was unlawfully denied two promotion opportunities.  Following a bench
trial, the district court[1] entered judgment in favor of defendant, and we
affirm.


We review a district court's factual findings for clear error and
accept the court's account of the evidence if it is plausible in light of
the entire record.  Fed. R. Civ. P. 52(a); Herring-Marathon Master
Partnership B v. Boardwalk Fries, 979 F.2d 1326, 1329 (8th Cir. 1992).
Where a case has been tried on the merits

_____

[1]The HONORABLE EDWARD L. FILIPPINE, United States District
Judge for the Eastern District of Missouri.

and the trier-of-fact has heard the evidence, we need not concern ourselves with the order of proof and presumptions; rather, we review here the "`ultimate factual issue' of whether [defendant] discriminated against [Bouie] on the basis of his race[, his age, his sex, or reprisal]." See Tuttle v. Henry J. Kaiser Co., 921 F.2d 183, 186 (8th Cir. 1990) (quoted citations omitted). The district court's determination that Bouie did not prove intentional discrimination is a question of fact, subject to review for clear error. See Beith v. Nitrogen Prods., Inc., 7 F.3d 701, 703 (8th Cir. 1993) (per curiam).

We hold that the district court did not clearly err in finding that Bouie failed to prove intentional discrimination. The record supports the court's findings that the employees chosen for the respective promotions received better supervisory appraisals than Bouie did; that the selecting officials believed Bouie's communication and supervisory skills were inferior to those of the chosen employees; and that Bouie's documentary evidence proved only that he was very good at the technical aspects of his job, and did not negate defendant's assertions that Bouie lacked the managerial skills deemed important for the promotions. We also conclude the district court did not clearly err in finding Bouie did not make a prima facie showing of retaliation as to the second promotion decision. Cf. Nelson v. J.C. Penney Co., Inc., 75 F.3d 343, 346 (8th Cir.) ("mere coincidence of timing" failed to establish submissible case of retaliation, where there was no evidence that others who filed charges were fired or that supervisors discussed filing with each other or with plaintiff), cert. denied, 65 U.S.L.W. 3239 (U.S. Oct. 7, 1996) (No. 95-1878).

We do not consider Bouie's remaining arguments raised for the first time on appeal. See United States v. Dixon, 51 F.3d 1376, 1383 (8th Cir. 1995). Accordingly, we affirm.

A true copy.

Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.