# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

——————

No. 03-1424

——————

Ethel Thomas,                                      *
                                                   *
                    Appellant,                     *      Appeal from the United States
                                                   *      District Court for the Eastern
          v.                                       *      District of Arkansas.
                                                   *
City of West Memphis, Arkansas,                    *           [UNPUBLISHED]
                                                   *
                    Appellee.                      *

——————

Submitted:  November 20, 2003
Filed:  November 20, 2003

——————

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

——————

PER CURIAM.

Ethel Thomas appeals the district court's[*] judgment entered on an adverse jury verdict in Thomas's employment-discrimination action, but she did not request or furnish a trial transcript. See Fed. R. App. P. 10(b)(1)-(2) (appellant's duty to order transcript). Thomas complains about her trial attorney, complains about issues that are unreviewable without a transcript, and appears to ask for an independent assessment of witness credibility. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988) (no statutory or constitutional right to effective assistance of counsel in

———————————

[*]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

civil case); <u>Schmid v. United Bhd. of Carpenters & Joiners</u>, 827 F.2d 384, 386 (8th Cir. 1987) (per curiam) (appellant's failure to provide complete transcript makes it impossible to review evidence presented at trial), <u>cert. denied</u>, 484 U.S. 1071 (1988); <u>Weber v. Block</u>, 784 F.2d 313, 316-17 (8th Cir. 1986) (credibility determinations are uniquely within province of trier of fact, and reviewing court may not substitute its own credibility determination).

Finding no basis for reversal, we affirm.  <u>See</u> 8th Cir. R. 47B.

_____