# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3912

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Jimmy Quinn, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 25, 2005
Filed: February 7, 2005

_____

Before BYE, RILEY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

A jury found Jimmy Quinn guilty of unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He appeals his conviction and his sentence as an armed career criminal. Quinn's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing the district court[1] erred in denying Quinn's motion to suppress,

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri.

because the search of Quinn's home was conducted without his consent, a warrant, or legal justification; and the written statement Quinn later made at the police station resulted from coercion and was not made knowingly and voluntarily, given Quinn's mild mental retardation and minimal reading ability. Counsel further argues the government's witnesses perjured themselves, the government presented insufficient evidence for the jury to find Quinn guilty beyond a reasonable doubt, and Quinn had ineffective trial counsel. We affirm.

The district court properly denied the suppression motion. See United States v. Morgan, 270 F.3d 625, 630 (8th Cir. 2001) (court reviews district court's factual findings for clear error, and its conclusions of law de novo). Detective John Blakely, Jr., testified that Quinn not only gave his oral consent to the search, but also signed a consent form, which Blakely had read aloud to him, and which indicated Quinn had willingly given consent to Blakely to search his home. There is no evidence that Blakely coerced Quinn into consenting, that Quinn appeared irrational or incoherent, or that Quinn's limited intelligence and reading ability affected the voluntary nature of his consent. See United States v. Gipp, 147 F.3d 680, 685-86 (8th Cir. 1998) (whether voluntary consent to search has been given is question for trial court based on totality of circumstances; holding defendant voluntarily consented to search where defendant appeared rational when offering his consent and was clearly cooperating with authorities); United States v. Hall, 969 F.2d 1102, 1105-09 (D.C. Cir. 1992) (consent voluntary even though 18-year-old defendant had low IQ, second-grade reading level, and psychological problems); United States v. Chaidez, 906 F.2d 377, 381-82 (8th Cir. 1990) (voluntary-consent factors).

As to the written statement, Blakely testified that Quinn was told he could leave at any time, and that Quinn volunteered to come down to the police station and make a formal statement. Both Blakely and Detective Flint Dees testified that Dees had read the statement aloud to Quinn before he signed it, and that Quinn appeared rational. See Oregon v. Mathiason, 429 U.S. 492, 495 (1977) (per curiam) (finding

defendant was not in custody where he voluntarily went to police station to make statement, and police advised defendant he was not under arrest). Further, the evidence from the suppression hearing indicates Quinn was advised of his Fifth Amendment rights, and the fact that Quinn is mildly mentally retarded does not invalidate his waiver of those rights. See United States v. Turner, 157 F.3d 552, 555-56 (8th Cir. 1998) (valid waiver by defendant with low-average to borderline IQ); Rice v. Cooper, 148 F.3d 747, 749-52 (7th Cir. 1998) (valid waiver by illiterate defendant with mild mental handicap), cert. denied, 526 U.S. 1160 (1999); Correll v. Thompson, 63 F.3d 1279, 1288 (4th Cir. 1995) (valid waiver by defendant with IQ of 68 who had prior experience with legal system), cert. denied, 516 U.S. 1035 (1996).

Regarding the trial claims, we note that credibility determinations are for the trier of fact. See Weber v. Block, 784 F.2d 313, 316-17 (8th Cir. 1986). We conclude that the trial evidence, when viewed in a light most favorable to the verdict, amply supports the jury's guilty verdict. Quinn admitted at both the house and the police station that the military rifle described in the indictment was his. He stipulated at trial that he was a convicted felon, and that the rifle had traveled in and affected interstate commerce. See 18 U.S.C. § 922(g) (felon-in-possession elements); United States v. Stroh, 176 F.3d 439, 440 (8th Cir. 1999) (sufficiency-of-evidence standard of review). Any ineffective-assistance claim should be raised in 28 U.S.C. § 2255 proceedings. See United States v. Santana, 150 F.3d 860, 863 (8th Cir. 1998).

Having carefully reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____

-3-