# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1429

———————————————

Cameron H. Zahn

*Plaintiff - Appellant*

v.

Bonnie Nygaard; Jeff Lorenz, in their individual capacities

*Defendants - Appellees*

————————

Appeal from United States District Court
for the District of North Dakota - Fargo

————————

Submitted: February 18, 2021
Filed: March 12, 2021

————————

Before LOKEN, BENTON, and KELLY, Circuit Judges.

————————

BENTON, Circuit Judge.

Cameron H. Zahn sued for violations of his Eighth Amendment rights under 42 U.S.C. § 1983. After a bench trial, the district court[1] found for defendants. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]Honorable Linda R. Reade, United States District Court Judge for the Northern District of Iowa, sitting by designation.

Zahn was assigned to work in the laundry while incarcerated in the James River Correctional Center (JRCC). Defendant Bonnie Nygaard, the laundry supervisor, oversaw his work. Defendant Jeff D. Lorenz, the JRCC Safety Officer, oversaw safety and sanitation in the laundry. He supervised Nygaard and the property manager. When Zahn began working at the laundry, Nygaard instructed him about chemicals and proper job safety. Nygaard also routinely reminded inmates of safety procedures as incidents arose.

On April 4, 2016, while cleaning the floor of the laundry area, Zahn sustained a chemical burn to his left little toe. Returning from a state hospital with the weekend laundry, Nygaard saw the property manager in the "cage" that houses laundry chemicals. Zahn was mopping the area where he routinely power-washed laundry carts, not near the cage. The property manager was repairing a crack in the plastic hose that pumps a corrosive chemical. Nygaard moved to assist him. Zahn (admittedly without being told to do so) entered the cage. Nygaard told him to leave because he was wearing a gown and gloves, but no boots. Zahn was in the cage a matter of seconds. Nygaard placed towels on the floor to catch any chemical leakage and did not see any significant leakage on the floor outside the cage. She did not direct Zahn to clean the floor there. Zahn told Nygaard that his socks and shoes were wet. Thinking this was due to the power-washing, she told him to change his socks and shoes. New socks, shoes, and boots were available in the laundry. Zahn did not change his socks and shoes; he headed to lunch in his wet socks and shoes, passing by the infirmary. After lunch, Zahn felt pain in his left little toe and realized he had a burn. Zahn was immediately treated. Lorenz was not present during these events.

Zahn attacks solely the district court's factual findings at trial. *See **Urban Hotel Dev. Co. v. President Dev. Grp., L.C.**, 535 F.3d 874, 879 (8th Cir. 2008) ("After a bench trial, this court reviews legal conclusions de novo and factual findings for clear error."). He attacks the relative credibility of his testimony versus Nygaard's. *See **Weber v. Block***, 784 F.2d 313, 316 (8th Cir. 1986) ("Credibility determinations are uniquely within the province of the trier of fact and may 'virtually

never' be clearly erroneous."). "The burden is on the objecting party to demonstrate clear error in factual findings, and the evidence must be construed in the light most favorable to the party who prevailed at trial." *Griffin v. City of Omaha*, 785 F.2d 620, 626 (8th Cir. 1986).

Some contradictions do not amount to clear error. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). "Documents or objective evidence may contradict the witness' story; or the story itself may be so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it." *Id.* at 575. In *Anderson*, the Court affirmed the trial court's determination that a woman with broad educational experience was more qualified than a man with solely athletic experience to act as a city recreation manager, reversing the Fourth Circuit's alternative reading of the record. *Id.* at 577. ("Here the error of the Court of Appeals was its failure to give due regard to the ability of the District Court to interpret and discern the credibility of oral testimony."). To the contrary, in *Griffin*, this court reversed the district court for improperly ignoring uncontroverted testimony that the purportedly objective evaluation for an employee's dismissal was not the metric for evaluating employees. *Griffin*, 785 F.2d at 626-27.

Zahn's arguments mirror *Anderson*. Zahn argues the district court did not consider an incident report (written by the not-present Lorenz) as rebutting Nygaard's testimony. True, the district court does not explicitly mention the Lorenz report. But Zahn used it as impeachment evidence against both Nygaard and Lorenz. Plus, much of the report *confirms* Nygaard's account. Unlike *Griffin*, where the district court logically did not incorporate testimony about the standard for employment, any conflict here could be logically reconciled. The district court found Nygaard's account credible despite slight discrepancies with Lorenz's

secondhand report.[2]   As in *Anderson*, this court gives due regard to the ability of the district court "to interpret and discern the credibility of oral testimony." **Anderson**, 470 U.S. at 577.

Zahn believes the defense witnesses testified so internally inconsistently or implausibly that the district court should not have credited them.  Zahn's main theory on appeal is that Nygaard ordered him to clean up a dangerous chemical spill, which evinces deliberate indifference.  "In the work assignment context, prison officials are deliberately indifferent when they knowingly compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their health, or which is unduly painful."  **Choate v. Lockhart**, 7 F.3d 1370, 1374 (8th Cir. 1993) (cleaned up).

The district court found credible Nygaard's testimony that she did not order Zahn to clean up the spill.  Nygaard's at-the-infirmary comment that Zahn should have changed his shoes is not internally inconsistent or implausible, since it is reasonable to suggest an inmate change wet shoes.  The district court did not clearly err in its credibility findings.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

_____

[2]The district court ruled, "At the outset, the court notes that, in making its findings of fact, the court has weighed the credibility of the witness testimony provided at the bench trial."