**Alfred F. HARTER, Appellant,**

v.

**GAF CORPORATION.**

**No. 91–5754.**

United States Court of Appeals, Third Circuit.

Argued May 4, 1992.

Decided June 16, 1992.

---

John A. Craner (argued), Craner, Nelson, Satkin & Scheer, Scotch Plains, N.J., for appellant.

Patrick G. Brady (argued), Francis X. Dee, Carpenter, Bennett & Morrissey, Newark, N.J., for appellee.

Before: BECKER, NYGAARD and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

On January 15, 1986, Alfred F. Harter was terminated from his employment as an engineer with GAF Corporation. On March 7, 1986 he filed a complaint with the New Jersey Division on Civil Rights, alleging that GAF unlawfully terminated his employment because of his age. NJDCR filed an age discrimination complaint on his behalf with the Equal Employment Opportunity Commission. On September 20, 1988, although the NJDCR had not made its final determination on his complaint, Harter sued in the United States District Court, alleging that GAF Corporation violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634 (1985 & Supp.1991) ("ADEA"), by terminating him because of his age. The district court dismissed his complaint on the ground that his suit against GAF was untimely under 29 U.S.C. § 626(e) because it was filed more than two years after the alleged discriminatory act against him. The principal issue on appeal is whether the Age Discrimination Claims Assistance Act, 29 U.S.C. § 626 note, (West 1985 & Supp.1991), Pub.L. 100–283, 102 Stat. 78, (April 7, 1988), as amended, Pub.L. 101–504, § 2, 104 Stat. 1298 (November 3, 1990) ("Claims Assistance Act") extended the applicable time limitation on Harter's claims. We conclude that it does and will reverse the district court's order in part, affirm in part, and remand.

### I.

This is the second time Harter has appealed a decision of the district court, although he has yet to be heard on the merits of his claim. GAF moved under Fed.R.Civ.P. 56, contending that Harter's claim should be summarily dismissed for two reasons. First, GAF contended that

the federal common law of res judicata and/or collateral estoppel barred Harter's actions under the ADEA because an administrative determination by the New Jersey Division on Civil Rights found no probable cause to believe that Harter had been discriminated against because of his age. GAF also moved to dismiss the complaint on the ground that the suit was untimely under 29 U.S.C. § 626(e),[1] because it was filed more than two years after the alleged discriminatory act. GAF also argues that, as a matter of law, the three year period of limitations for willful termination should not apply.

The district court in November 1990 dismissed the complaint solely on grounds of claim and issue preclusion. The district court did not reach the statute of limitations issues. We reversed and remanded the cause to the district court, *Harter v. GAF Corp.*, 941 F.2d 1201 (3d Cir.1991), which considered the previously undecided statute of limitations issues and again granted summary judgment and dismissed the complaint.

## II.

■ Once again, we do not reach the merits of Harter's age discrimination claim. The issue before us is a question of law, that is, whether Harter's complaint is saved by the Age Discrimination Claims Assistance Act of 1988. The Claims Assistance Act was enacted because the Equal Employment Opportunity Commission admitted that it had failed to act on numerous age discrimination claims, and the two-year statute of limitations had run while the innocent charging parties awaited agency action. *See generally*, Eglit, 3 *Age Discrimination* § 17.26A (Supp. March 1992).

The Claims Assistance Act provides that for a period of 540 days[2] following enactment, April 7, 1988, individuals who filed timely actions with the EEOC could still sue. *Id.* Thus, they were given until September 30, 1989 (July 2, 1989 under the 1990 Act) to file age discrimination suits in federal court. *Id.* The Claims Assistance Act also provides that the EEOC will give notice to the affected parties of their right to bring or maintain their suits. Claims Assistance Act, § 4.

The relevant section of the Claims Assistance Act provides, in part:

Sec. 3.   Extension of Statute of Limitations.

Notwithstanding section 7(e) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 626(e)), a civil action may be brought under section 7 of such Act by the Commission or aggrieved person, during the 540–day period beginning on the date of enactment of this act if—

(1) with respect to the alleged unlawful practice on which the claim in such civil action is based, a charge was timely filed under such Act with the Commission after December 31, 1983,

(2) the Commission did not, within the applicable period set forth in section 7(e) either—

(A) eliminate such alleged unlawful practice by informal methods of conciliation, conference, and persuasion, or

(B) *notify such person, in writing, of the disposition of such charge and of the right of such person to bring a civil action on such claim,*

(3) the statute of limitations applicable under such section 7(e) to such claim ran

29 U.S.C. § 255(a) (West 1985) (emphasis added).

---

1. The statute of limitations applicable to a claim for age discrimination, under § 626(e), is derived from the Portal–to–Portal Pay Act:

   [I]f the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every action shall be forever barred unless commenced within *two years* after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within *three years* after the cause of action accrued[.]

2. The Claims Assistance Act of 1988 extended the statute of limitations for 540 days after the date of its enactment, April 7, 1988. The Claims Assistance Act of 1990 reduced this extension to 450 days, apparently due to a drafting error. *See Ruggieri v. Warner & Swasey Co.*, 938 F.2d 322, 325 n. 5 (1st Cir.1991). The 90 day discrepancy between the Acts does not affect the outcome of this case.

before the date of enactment of this Act, and

(4) a civil action on such claim was not brought by the Commission or such person before the running of the statute of limitations.

Claims Assistance Act, § 3(a) (emphasis added).

Harter's civil suit was filed two years and eight months after the alleged discriminatory act. GAF argues that the complaint should be dismissed as time barred under the statute of limitations. Harter concedes that his action was not timely under ADEA's two-year statute of limitations provision for non-willful violations. Nevertheless, Harter argues that he should get the benefit of the extended statute of limitations under the Claims Assistance Act. Harter filed this action within the 540 days after April 7, 1988—on September 20, 1988.

Harter's claim for age discrimination clearly satisfies three of the four conditions required to extend the statute of limitations under the Claims Assistance Act. See generally, Larson, 3A *Employment Discrimination* § 102.33 (1975 & Supp. 1991). First, Harter's charge was filed with the EEOC after December 31, 1983. Claims Assistance Act § 3(a)(1)(A). Second, the two-year limitations period for a non-willful violation expired on January 15, 1988, before the effective date of the Claims Assistance Act, April 7, 1988. Claims Assistance Act § 3(a)(3)(A). And third, a civil action had not been filed by Harter or the EEOC before the two-year limitations period expired. Claims Assistance Act § 3(a)(4).

The key question is whether the EEOC notified Harter "in writing, of the *disposition* of such charge and of the right of such person to bring a civil action on such claim." Claims Assistance Act § 3(a)(2)(B).

Harter received a notice from the EEOC on June 4, 1986. The notice told him, in pertinent part:

Your above-referenced charge of age discrimination has been sent to the Equal Employment Opportunity Commission (EEOC) by the State Agency noted above. This action was done in order to preserve your rights to file suit in Federal Court under the Federal Age Discrimination in Employment Act (ADEA). *The EEOC, however, will take no further action whatsoever as far as the processing of your charge is concerned. Instead, you should continue to cooperate with the state agency in its investigation of your complaint.*

App. at 295 (emphasis added). This letter also notified Harter of his right to file a civil action and the applicable statutes of limitations for willful and non-willful violations of the ADEA. *Id.*

The district court interpreted the June 4th letter to mean that "[a]lthough the EEOC did not reach a final determination on the merits of Harter's claim, the fact that the EEOC will take no further action whatsoever suggests Harter's claim reached a disposition." *District Court's Letter Opinion* at 25 (Aug. 19, 1991). The court concluded that because the June 4th letter "constitutes adequate notification of the disposition of Harter's claim, Harter has failed to meet the requirements for an extension of the statute of limitations under the Claims Assistance Act." *Id.* at 26.

We disagree. The extension offered by the Claims Assistance Act comes into play if the EEOC fails to notify the aggrieved person of the right to bring an action and "the disposition of such charge." This letter does not provide such notice. The EEOC's statement that it "will take no further action whatsoever as far as processing of your charge is concerned," preceded by an explanation that it had just received the file, and immediately followed by the admonition that Harter should "continue to cooperate with the state agency," is ambiguous at best. It does not clearly "notify [Harter] . . . of the disposition of such charge."

Our conclusion is consistent with several recent cases decided by our fellow Courts of Appeals. In *Ruggieri v. Warner & Swasey Co.*, 938 F.2d 322 (1st Cir.1991), the question was whether a letter from the EEOC adequately informed several age discrimination plaintiffs of the "disposition" of their charge for purposes of the Claims

Assistance Act. The EEOC letter in Ruggieri contained similar language to Harter's.[3] The Court of Appeals for the First Circuit held that the EEOC letter did not inform the plaintiffs of the disposition of their charges pending before the EEOC, as required by § 3(a)(2)(B) of the Claims Assistance Act. Ruggieri, 938 F.2d at 324. The Court reasoned that when Congress passed the Claims Assistance Act, they intended the term "disposition" to mean "finality:"

> The term "disposition" connotes "finality," whereas the EEOC letter was provisional in nature; viz. "unless you are notified otherwise, we plan no action regarding the charge under the [ADEA]." The provisional nature of the notification is further substantiated by the statement that plaintiffs were free "to file a private suit at any time after the expiration of sixty (60) days from the charge filing date noted above ... notwithstanding any action by the Commission or the state agency."

Ruggieri, 938 F.2d at 324 (emphasis in original).

The Court reasoned that the letter was merely a "routine agency notification of the receipt and filing of plaintiffs' administrative charges." 938 F.2d at 325. Since the EEOC's letter did not inform plaintiffs of the disposition of their charges, the Claims Assistance Act extended the statute of limitations.

In Zabielski v. Montgomery Ward & Co., Inc., 919 F.2d 1276 (7th Cir.1990), the plaintiff received a letter from the EEOC, which stated in part:

> Unless you request otherwise, we plan no immediate action regarding your charge until the [Illinois Dept. of Human Rights] completes their investigation of your charge. You should fully cooperate with the investigation by the IDHR.

Zabielski, 919 F.2d at 1278–79. The letter also told the plaintiffs that they were free to file a civil action "notwithstanding any action by the EEOC or the IDHR." 919 F.2d at 1279.

The Court held that this letter told the plaintiff only that it would not take immediate action—not that it was disposing of plaintiffs' claims entirely. Id. Like the EEOC letter at issue in Ruggieri, the Court in Zabielski treated the letter as a "routine agency notification" acknowledging that the charge had been referred to the EEOC from the state agency; such a letter is received by "almost everyone who files a charge" with the EEOC, "long before the period of limitations expires." Id. As in Ruggieri, the Court reversed the district court's order dismissing the age discrimination suits, concluding that plaintiffs were entitled to take advantage of the extended statute of limitations under the Claims Assistance Act.

While Harter's case is not as strong as Ruggieri's and Zabielski's, we conclude that the June 4th letter sent to Harter by the EEOC was a routine notification that his charge had been referred to the EEOC from the state agency, not a notification of the "disposition" of his administrative action. Since Harter was not notified of the disposition of his charge by the EEOC, the fourth condition of the Claims Assistance Act, § 3(a)(2)(B), is met. Harter is entitled to the 540 day extended statute of limitations under the Act, and his claim for non-willful discrimination is timely. See Albano v. Schering–Plough Corp., 912 F.2d 384, 389 (9th Cir.1990); EEOC v. Puerto Rico Job Corps, 729 F.Supp. 208, 225–26 (D.P.R.1990); Conkwright v. Westinghouse Electric Corp., 739 F.Supp. 1006, 1011–12 (D.Md.1990); Accord, Schleiniger v. Des Moines Water Works, 925 F.2d 1100, 1101–02 (8th Cir.1991) (EEOC letter indicating that agency had not found any statutory violations was not a disposition for purposes of Claims Assistance Act, and thus if properly presented, plaintiff could have extended statute of limitations).

---

**3.** In Ruggieri, the EEOC letter stated in part: The EEOC has received and filed a copy of the age discrimination charge filed with the Massachusetts Commission Against Discrimination. *Unless you are notified otherwise, we plan no action regarding the charge under the Federal Age Discrimination in Employment Act (ADEA).*
Ruggieri, 938 F.2d at 324 n. 2 (emphasis added).

The district court here relied in large part upon the unpublished decision in *Turgeon v. Rush–Presbyterian–St. Luke's Medical Center*, 51 FEP (BNA) 933, 52 EPD (CCH) ¶ 39,614, 1989 WL 157518, 1989 U.S. Dist. LEXIS 14856 (N.D.Ill.1989). It also found support in another Illinois case, *Czaplicki v. Sears Roebuck & Co.*, 53 FEP Cases (BNA) 1058, 1990 WL 115579 (N.D.Ill.1990). The district court placed undue weight on *Turgeon* and *Czaplicki*. Both are district court opinions, and their interpretation of the Claims Assistance Act was rejected by the U.S. Court of Appeals for the Seventh Circuit in *Zabielski*, 919 F.2d at 1279. We note that the language in the EEOC letter construed by the *Zabielski* panel was identical to that construed by the district court in *Turgeon*.

Our conclusion that the June 4th letter was a routine notification and not a notification of the disposition of his charge is buttressed by the EEOC's opinion that it had not in fact totally "disposed" of Harter's claims when it sent the letter. On October 25, 1988 the EEOC sent a letter to Harter as the charging party and GAF Corporation as the respondent, telling them that:

> the state agency has concluded its processing of this charge, and the EEOC had reviewed the final findings. Based upon this review, the EEOC *will discontinue* its processing of the charge.... *This decision to take no further action* on behalf of the charging party does not preclude further investigative action by the EEOC ... similarly, unless the matter has been satisfactorily resolved, the charging party retains the right to file a private suit in the U.S. District Court under the ADEA ... (emphasis added)

App. at 25 (emphasis added). As in *Zabielski*, we conclude that the EEOC disposed of the charge only after it sent a notice to the plaintiff that the EEOC would take no further action once the state had closed its case. *Zabielski*, 919 F.2d at 1279–80. It is clear that the EEOC did not believe it had disposed of Harter's claim until it sent this letter on October 25, 1988, and we so hold.

■ GAF also contends that because Harter pleaded a willful violation, which has a three-year statute of limitations, Harter's filing is timely and thus he does not qualify for the benefits of the Claims Assistant Act. GAF goes on to argue that Harter has no evidence of a willful violation, and therefore summary judgment is appropriate. We reject this contention. Harter effectively, if not explicitly, pleaded his case in the alternative, and the "choice between the two or three years depends not on what [he] *alleges*, but on what he *proves*." *Zabielski*, 919 F.2d at 1280 (emphasis in original). To make Harter forfeit his right to bring a willful violation claim in order to gain the benefit of the Claims Assistance Act would be contrary to the remedial claim-reviving purpose of that act. We will view his complaint as though he had pleaded the willful-violation and ordinary-violation claims separately. The two-year statute of limitations has run on his ordinary-violation claim and, hence, the Claims Assistance Act applies to preserve that claim. We now turn to whether Harter's willful violation claim can survive GAF's motion for summary judgment.

### III.

■ The district court also concluded that Harter failed to come forth with specific facts in the form of affidavits or documentary evidence that would contradict the same proffered by GAF, and thus he failed to raise a genuine issue of material fact as to whether GAF willfully discriminated against him. The Supreme Court has held that, for purposes of the ADEA, an act of discrimination is "willful" if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA." *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 105 S.Ct. 613, 625, 83 L.Ed.2d 523 (1985). Under the ADEA, liquidated damages are available to the plaintiff who proves that the defendant willfully violated the ADEA. 29 U.S.C. § 626(b).

The willfulness analysis is fact-specific and must be conducted on a case-by-case basis. Usually, "[w]illfulness is a factual

question requiring an examination of an employer's 'state of mind, knowledge, intent and belief regarding the propriety of [its] actions,'" and as such, summary judgment is inappropriate. *EEOC v. City of Lebanon, Pa.*, 842 F.2d 1480, 1487 (3d Cir. 1988), *quoting EEOC v. Westinghouse*, 725 F.2d 211 (3d Cir.1983). Nevertheless, Harter had an affirmative burden of coming forward with specific facts showing a need for trial on the willfulness issue. Fed. R.Civ.P. 56(e). Harter cannot merely rely upon conclusory allegations in his pleadings or in memoranda and briefs to establish a genuine issue of material fact. Since Harter bears the burden of proof, he must make a showing sufficient to establish the existence of every element essential to his case, based on the affidavits or by the depositions and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Equimark Commercial Fin. Co. v. C.I.T. Fin. Servs. Corp.*, 812 F.2d 141, 144 (3d Cir. 1987). He has not done this.

The district court was correct that Harter failed utterly in his burden to show evidence from which a jury could conclude that GAF acted willfully. Harter did nothing in opposition to GAF's motion except to make conclusory statements in his brief, citing no documentary evidence in the record that would support his claim. By failing to establish a willful violation, Harter could not take advantage of the three-year period of limitations under 29 U.S.C. § 626(e). Therefore, we will affirm the district court's conclusion that a two-year, rather than three-year, statute of limitations applies to Harter's action.

IV.

In sum, we will reverse the order of the district court in part and remand the cause to it for it to conduct a trial on the merits of Harter's ADEA age discrimination claim. We will affirm that portion of the court's order that dismisses Harter's claim for a willful violation of the ADEA and dismisses his claim for liquidated damages.