

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-3-2006

# Williams v. Meyers

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3938

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Williams v. Meyers" (2006). *2006 Decisions.* Paper 1644.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1644

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 03-3938 & 03-4618
_____

KEVIN WILLIAMS
a.k.a.
Kirby Stewart,

v.

ROBERT W. MEYERS; TERRY L. WHITMAN; F. J. TENNIS;
G. P. GAERTNER; Capt. LEATHERS; Lt. VANCE; Lt. EATON;
Cfss SOWASH; Cfss TOWNSEND; Cfss EMEL;
Dr. WALMER; Dr. BURKE; Dr. WHEELER; Dr. ALLEN;
R.N. LIDYETT; J. RUSS; J. RACKVAN

Kevin Williams, Appellant
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 01-cv-02312)
Magistrate Judge: Hon. J. Andrew Smyser
_____

Submitted Under Third Circuit LAR 34.1(a)
February 1, 2006
BEFORE: FISHER, ALDISERT and WEIS, CIRCUIT JUDGES

(Filed    February 3, 2006)
_____

OPINION
_____

1

PER CURIAM.

Kevin Williams, an inmate in the Pennsylvania State Prison system, filed a § 1983 complaint in 2001, alleging that the defendants: (1) placed Williams in administrative segregation at SCI-Rockview for over four months, without a hearing; (2) verbally harassed Williams while he was in administrative segregation; (3) were deliberately indifferent to his serious psychological needs at a time when he had suicidal thoughts; and (4) fired him from his prison kitchen job in retaliation for filing grievances against his supervisor, all in violation of his Eighth and Fourteenth Amendment rights. He sought damages.

The Defendants moved to dismiss the Complaint for failure to state a claim. By order entered June 3, 2002, the District Court adopted the Magistrate Judge's Report recommending dismissal and, with the exception of the retaliation claim, dismissed all of Williams's claims as to all defendants. The District Court dismissed the due process claim with prejudice for failure to state a claim because Williams's 139-day confinement in administrative custody did not impose the type of atypical significant deprivation that gives rise to a protected liberty interest. The District Court also dismissed Williams's Eighth Amendment harassment claim with prejudice, holding that verbal abuse, alone, does not amount to a constitutional deprivation under the Eighth Amendment. However, the District Court dismissed without prejudice Williams's Eighth Amendment claim of deliberate indifference to his serious psychological needs because it was not properly pled, and granted Williams leave to file an amended complaint.

Williams amended his complaint, alleging that while he was incarcerated in administrative segregation at SCI-Rockview in April 2001, and on several occasions thereafter,

2

the defendants denied him psychological treatment that he had requested because he was feeling suicidal. Williams also claimed that staff psychologists Walmer and Allen refused his written requests for psychological treatment and that his numerous grievances regarding the lack of psychological treatment were ignored.

Williams re-alleged his retaliation claim in the Amended Complaint, adding that in March 2001, he filed a grievance claiming that defendant Emel harassed him and tried to get him fired from his prison job hauling kitchen trash. He claimed that Emel then directed other prison officers to fire Williams. He alleged that Rackovan did nothing about the retaliatory conduct.

The District Court denied defendants' Rule 12(b)(6) motion to dismiss the Amended Complaint. The Defendants moved for summary judgment. In September 2003, the District Court denied summary judgment as to the retaliation claim with respect to defendants Meyer, Sowash, Townsend, Emel, and Rackovan, and granted summary judgment on Williams's Eighth Amendment claim as to defendants Burke, Meyers, Allen, Walmer, and Wheeler. In granting summary judgment, the District Court noted that (1) the Suicidal Risk Indication Check List, completed three times during Williams's confinement in administrative segregation (in April, June, and July 2001), indicated that Williams did not express suicidal ideation; (2) none of Williams's request slips for psychological treatment mentioned that he had suicidal intentions, and (3) when he was evaluated by Dr. Burke in August 2001, Williams denied any suicidal ideation, denied any history of suicidal attempts, and refused psychotropic medication, describing himself only as depressed and frustrated. Based on the undisputed facts, the District Court held that there was no record evidence that the defendants knew that Williams was suicidal.

3

In October 2003, a jury trial was held before a Magistrate Judge on the retaliation claim. At the close of Williams's case in chief, the defendants moved for judgment as a matter of law, arguing that Williams had failed to establish that the defendants terminated his job in retaliation for his pursuit of the grievance process. After considering the testimony and exhibits, the District Court granted the motion. On November 4, 2003, judgment was entered against Williams and on behalf of all defendants. Williams timely appealed.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review of the District Court's dismissal under Fed. R. Civ. P. 12(b)(6) is plenary. "We must determine whether, under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief, and we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citation omitted). We review de novo an order granting summary judgment. Saldana v. K Mart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. at 232; Fed. R. Civ. P. 56(c). The "nonmoving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact." Pastore v. Bell Telephone Co. of Pennsylvania, 24 F.3d 508, 511-12 (3d Cir. 1994). Rather, the nonmoving party "must make a showing sufficient to establish the existence of every element essential to his case, based on the affidavits or by the

---

[1] Williams's appeal from the District Court's order entered September 2, 2003, docketed as No. 03-3938, was consolidated with his appeal from the final judgment entered November 4, 2003.

4

depositions and admissions on file." Harter v. GAF Corp., 967 F.2d 846, 852 (3d Cir. 1992). Finally, our review of the District Court's entry of judgment as a matter of law pursuant to Fed. R. Civ. Pro. 50(a) is plenary. Hofkin v. Provident Life & Acc. Ins. Co., 81 F.3d 365, 369 (3d Cir. 1996).

We will affirm the District Court's judgment as to Williams's due process and Eighth Amendment claims substantially for the reasons set forth in the Magistrate Judge's Opinion filed on May 6, 2002, and in the District Court's Opinion entered September 2, 2003. We will also affirm the District Court's order granting judgment as a matter of law on Williams's retaliation claim, as further discussed below.

In order to prevail on his retaliation claim at trial, Williams had to prove that the conduct that led to the alleged retaliation was constitutionally protected, that he suffered some "adverse action" at the hands of prison officials, and that exercise of the constitutional right was a substantial or motivating factor in the challenged action. Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001). Prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons that are reasonably related to a legitimate penological interest. Id. at 334.

We agree with the District Court that there was no legally sufficient evidentiary basis for a reasonable jury to find that the defendants retaliated against Williams for pursuing grievances about his prison work supervisor. According to Williams's trial testimony, upon his transfer to SCI-Rockview in June 2000, he started working in the kitchen waiting tables in the cafeteria. Within a month, he was re-assigned to washing pans in the kitchen, and then to hauling kitchen trash. He received good work reports. Before he filed a grievance about his

5

work as a kitchen trash hauler, Williams had minor differences with one of his supervisors, defendant Emel, over his late appearances for work and his inability to work with other inmates. After Williams filed his complaint in March 2001, Emel continued to raise the same problems with Williams's work. On March 20, 2001, Williams submitted a request slip to his block unit manager, Jack Aller, requesting a job change. That same day, he was reassigned to another job in the kitchen because he was unable to work with the other inmates on the job. The evidence shows that Emel's complaints about Williams's work predated Williams's grievance, and thus, there is no evidence upon which a reasonable jury could find that the exercise of a constitutionally protected right was the motivating factor for firing Williams from his old job or for re-assigning him to a new one.

Finally, Williams argues that the District Court erred in denying his motion for appointment of counsel for purposes of trial. We conclude that the District Court did not abuse its discretion in denying counsel. See Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). As the District Court correctly noted, the case was not complex and expert testimony was not necessary to make out a case of retaliation.

We have fully considered the remaining contentions in Williams's brief and we find no merit in any of those contentions. Accordingly, we will affirm the District Court's judgment.