Steven J. **KADONSKY**, Appellant

v.

State of **NEW JERSEY**; The Office of the Prosecutor of Somerset County; The Office of the Prosecutor of Middlesex County; The Office of the Prosecutor of Hunterdon County; Somerset County, NJ; Middlesex County, NJ; Hunterdon County, NJ; Barbara J. Bissell, Executrix of the Estate of Nicholas L. Bissell, Jr.; James Wronco, Individually and in his Official Capacity; Gilbert G. Miller, Individually and in his Official Capacity; Joseph Rocchietti, Individually and in his Official Capacity; Laurie Head–Melillo, Individually and in his Official Capacity; Daniel Cohen, Individually and in his Official Capacity; Richard Thornburg, Individually and in his Official Capacity; Norman Cul-

len, Individually and in his Official Capacity; Scott Fabiano, Individually and in his Official Capacity; Timothy Wenzel, Individually and in his Official Capacity; Luis Alvarez, Individually and in his Official Capacity; Chris Shea, Individually and in his Official Capacity; Lori Satterlee, Individually and in her Official Capacity; Robert L. Bryant, Individually and in his Official Capacity; Thomas Robertson, Individually and in his Official Capacity; Sam Debella, Individually and in his Official Capacity; Det. Palfy, Individually and in his Official Capacity; Det. Gazaway, Individually and in his Official Capacity; Sgt. Myers, Individually and in his Official Capacity; Det. Maszczak, Individually and in his Official Capacity; Det. Jansen, Individually and in his Official Capacity; DFC Saunders, Individually and in his Official Capacity; Lt. Cetuk, Individually and in his Official Capacity; Det. Hoey, Individually and in his Official Capacity; Det. Ughetta, Individually and in his Official Capacity; Det. F. Mele, Individually and in his Official Capacity; Michael R. Imbriani, Individually and in his Official Capacity; Robert E. Guterl, Individually and in his Official Capacity; Donald F. Phelan, Individually and in his Official Capacity; Peter R. Midin, Individually and in his Official Capacity; Leonard N. Arnold, Individually and in his Official Capacity; Helen E. Hoens, Individually and in her Official Capacity; Katherine R. Dupuis, Individually and in her Official Capacity; Edward M. Coleman, Individually and in his Official Capacity; John Doe(s), (1–100) Individually and in his Official Capacity; Jane Doe(s), (1–100) Individually and in her Official Capacity; The Office of the Attorney General; Raymond A. Brown; Raymond M. Brown; Alan Bowman.

No. 05–1277.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) June 7, 2006.

Filed: June 30, 2006.

Steven J. Kadonsky, Trenton, NJ, pro se.

Christina Glogoff, Office of Attorney General of New Jersey, Department of Law and Public Safety, Trenton, NJ, John C. Connell, Archer & Greiner, Haddonfield, NJ, Robert A. Fagella, Zazzali, Fagella, Nowak, Kleinbaum & Friedman, Newark, NJ, Alan L. Zegas, Chatham, NJ, for Appellees.

Before: FISHER, ALDISERT, and WEIS, Circuit Judges.

## OPINION

### PER CURIAM.

Steven J. Kadonsky, pro se, filed a civil rights complaint that was amended in December 1999, claiming that the defendants, acting individually and in conspiracy with each other, violated his Constitutional rights under 42 U.S.C. §§ 1983 and 1986, and violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 ("RICO"), and New Jersey statutory and common law by (1) illegally depriving him of property by means of asset forfeiture proceedings arising out of state substance abuse prosecutions; (2) effecting his false arrest, malicious prosecution and false imprisonment on state drug charges, and (3) conspiring to violate his civil rights. He sought damages.

In a series of orders entered from August 1999 through September 2004, the District Court (1) dismissed *sua sponte* Kadonsky's Fourteenth Amendment deprivation of property claims pursuant to *Hudson v. Palmer*, 468 U.S. 517, 539–40, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) and *Parratt v. Taylor*, 451 U.S. 527, 543–44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), and dismissed all claims against the State of New Jersey Attorney General's Office as barred by the Eleventh Amendment; (2) dismissed all claims against the judicial defendants as barred by the doctrine of absolute judicial immunity; (3) granted dismissal under Rule 12(c) of the RICO and NJRICO claims against Middlesex County and the office of the Middlesex County Prosecutor because municipal enti-

ties are immune from federal suit under RICO and from NJRICO claims under applicable New Jersey law; (4) granted summary judgment on all § 1983 claims against Somerset County and its individually named defendants, Middlesex County and Hunterdon County and their respective Prosecutor's Offices because the claims are time-barred; (5) granted summary judgment on the RICO claims against Somerset County and its individual defendants, Hunterdon County, and Raymond M. Brown, Raymond A. Brown, and Alan Bowman ("the Brown defendants"), again because the claims are time-barred; and (6) dismissed the state common law fraud and extortion claims against the Brown defendants pursuant to the doctrines of res judicata and *Rooker–Feldman.* Having disposed of all of Kadonsky's federal claims, the District Court dismissed the case for lack of federal subject matter jurisdiction in December 2004.[1] Kadonsky timely appealed.[2]

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of a Rule 12 dismissal for failure to state a claim upon which relief may be granted and of a Rule 12(c) dismissal based on a motion for judgment on the pleadings. *See Weston v. Pennsylvania,* 251 F.3d 420, 425 (3d Cir.2001) (Rule 12(b)(6)); *Leamer v. Fauver,* 288 F.3d 532, 535 (3d Cir.2002) (Rule 12(c)). We accept as true all factual allegations in the complaint and will affirm a dismissal under Rule 12 only if it is certain that no relief can be granted under any set of facts which could be proved. *Steamfitters Local Union No. 420 Welfare Fund v. Philip*

*Morris, Inc., et al.,* 171 F.3d 912, 919 (3rd Cir.1999). The motion should not be granted "unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." *Id.* Finally, we review de novo an order granting summary judgment. *Saldana v. Kmart Corp.,* 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 232; Fed. R. Civ. P. 56(c). The "nonmoving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact." *Pastore v. Bell Telephone Co. of Pennsylvania,* 24 F.3d 508, 511–12 (3d Cir.1994). Rather, the nonmoving party "must make a showing sufficient to establish the existence of every element essential to his case, based on the affidavits or by the depositions and admissions on file." *Harter v. GAF Corp.,* 967 F.2d 846, 852 (3d Cir.1992).

▮▮▮ After a thorough review of the record and for essentially the same reasons set forth by the District Court, we agree that the claims against the State of New Jersey and its agencies are barred by the Eleventh Amendment, and that the judicial defendants are absolutely immune from suit because all of their alleged wrongful acts are judicial in nature. The RICO and NJRICO claims against Somerset and Hunterdon counties and their respective County Prosecutor Offices are

---

1. Although the District Court did not say so explicitly, with the exception of the NJRICO claims against the Somerset, Huntingdon, and Middlesex County defendants, it effectively declined to consider the state law claims and dismissed them without prejudice.

2. Kadonsky filed two appeals, one before and the other after the December 2004 order disposing of all claims. *See* C.A. No. 04–4624; C.A. No. 05–1277. We dismissed the appeal at C.A. No. 04–4624 pursuant to Federal Rule of Appellate Procedure 3(a) and denied Kadonsky's motion to reopen.

barred because municipal entities are immune from suit under applicable federal and state law.[3] *See Genty v. Resolution Trust Corp.*, 937 F.2d 899, 914 (3d Cir. 1991) (RICO); N.J. Stat. Ann. § 59:9–2c (NJRICO). We will affirm the District Court's judgment as to these claims with no further discussion.[4] As for the individual Somerset County defendants and the Brown defendants, we will affirm the dismissal of the § 1983 claims for slightly different reasons, and affirm the District Court's order on the RICO claims.

■ The District Court held that the § 1983 claims arising out of the alleged false arrest and imprisonment in 1992 and alleged malicious prosecution in 1992–93 were time-barred by at least four years. We agree with the District Court that Kadonsky's false arrest and imprisonment claims and related conspiracy claims against the Somerset County and Brown defendants are clearly time-barred.[5] The malicious prosecution claim, however, is not untimely because the limitations period has not started to accrue. *See Smith v. Holtz*, 87 F.3d 108, 110 (3d Cir.1996) (holding that malicious prosecution claim does not accrue until proceedings against criminal defendant are dismissed). We agree with the District Court's ultimate conclusion that summary judgment is warranted on the malicious prosecution claim, however, on the ground that the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), precludes his claim at this time. Kadonsky does not have a cognizable § 1983 claim against the Somerset County and Brown defendants for malicious prosecution where he has failed to show that his convictions on drug charges have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487, 114 S.Ct. 2364.

■ Kadonsky's RICO claims against the Somerset County and Brown defendants arise out of alleged unlawful forfeitures of seized funds totaling $509,945. The District Court held that all of Kadonsky's RICO claims were barred by the applicable four-year statute of limitations because Kadonsky knew or should have known of his injury at the time money was seized in 1994. *See Agency Holding Corp. v. Malley–Duff & Assoc., Inc.*, 483 U.S. 143, 156, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). Kadonsky argues that the District Court ignored his affidavit and other documents he filed in support of his claim that the Somerset County defendants and the Brown defendants had deliberately concealed the fact of the forfeiture proceedings from him, and that he was unaware of the illegality of the defendants' actions until he received copies of the forfeiture

---

3. Middlesex County did not participate in the appeal. The RICO and NJRICO claims against Middlesex County were properly dismissed for the reasons set forth in the District Court's opinion entered October 4, 2000. Moreover, with the exception of Kadonsky's § 1983 malicious prosecution claims, we agree with the District Court's opinion of February 13, 2002, that the remaining § 1983 claims against Middlesex County are time-barred. The § 1983 malicious prosecution claim is not cognizable at this time under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

4. Kadonsky has informed the Court that he is not appealing the District Court's dismissal of Counts 3, 5, 7, and 9 in the Verified Complaint, alleging § 1983 claims for the return of $509,945 that was forfeited in 1993–94. *See* Informal Brief at 1.

5. We also hold that Kadonsky's § 1986 claim is time-barred under the one-year statute of limitations provided in 42 U.S.C. § 1986.

pleadings and default judgments in June 1999. Essentially, he asserts that he was not injured until his assets were forfeited without notice to him. For purposes of the RICO injury discovery rule, this is a distinction without a difference. Kadonsky knew that his funds were seized in April 1994. We agree with the District Court that the statute of limitations accrued in April 1994, and thus, Kadonsky had to file his civil RICO complaint by April 1998 in order to be timely. He filed the complaint on June 24, 1999, more than a year too late. Even if he did not know of his actual injury in April 1994, Kadonsky failed to exercise due diligence in discovering it when the ninety-day time period for filing a forfeiture action under New Jersey law had expired in July–August 1994. The alleged misrepresentations by the defendants with respect to the status of his funds began in August 1995, well after he discovered his injury. Accordingly, we will affirm the District Court's order granting summary judgment as to the RICO claims against the Somerset County and Brown defendants.

We have considered the remaining arguments Kadonsky makes on appeal and find them to be meritless.

For the foregoing reasons, we will affirm the District Court's judgment as to all defendants.