

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2007

# Wagner v. Tuscarora Sch Dist

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1544

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Wagner v. Tuscarora Sch Dist" (2007). *2007 Decisions*. Paper 1475.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1475

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1544
_____

FRED WAGNER,

Appellant

v.

TUSCARORA SCHOOL DIST; BOARD OF SCHOOL DIRECTORS OF THE
TUSCARORA SCHOOL DISTRICT; ROBERT BEAUMONT; THOMAS
STAPLEFORD; JANE RICE; *JEFFREY SPIDEL; DARLA THARP; KEITH
SMITH; MICHAEL RICE


*PER CLERK'S ORDER 5/1/06

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-01133)
District Judge:  Honorable Yvette Kane
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 8, 2007

Before: SLOVITER, MCKEE AND AMBRO, CIRCUIT JUDGES


(Filed   March 14, 2007  )
_____

OPINION
_____

PER CURIAM

Fred Wagner appeals <u>pro</u> <u>se</u> from the orders of the United States District Court for the Middle District of Pennsylvania granting summary judgment and granting partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

The factual and procedural history of this case need not be discussed at length here; it is well-known to the parties, and is set forth in the District Court's opinion granting summary judgment. Wagner filed a complaint under 42 U.S.C. § 1983, which was amended twice, alleging that the defendants denied him notice and an opportunity to be heard before his termination from employment as band teacher and director for the Tuscarora School District ("District"), in violation of his substantive and procedural due process rights under the Fourteenth Amendment. Wagner claimed that his summary termination and the publicity surrounding it deprived him of his property right to his job and his liberty interest in his reputation. The Second Amended Complaint also included state law claims of civil conspiracy, defamation, tortious interference with contractual relations, breach of contract, and violation of Pennsylvania's Wage Payment and Collection Act ("WPCA"). Wagner sought a transfer and/or promotion, lost wages, and damages.

The defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), to which Wagner responded. The District Court dismissed Wagner's substantive due process and WPCA claims as to all defendants, his procedural due

process claim as to all defendants except Superintendent Stapleford, and his defamation claim except as to defendants Stapleford and Beaumont (Principal of James Buchanan High School).[1] The defendants answered the remaining claims in the Second Amended Complaint and, once discovery was completed, both the defendants and Wagner moved for summary judgment. After reviewing the written materials, including the parties' respective statements of undisputed facts, the District Court denied Wagner's motion for summary judgment and granted the defendants' summary judgment motion as to all outstanding claims.

The District Court determined that the District did not suspend Wagner without due process when they placed him on administrative leave without pay pending a State Police investigation pursuant to an agreement that Wagner proposed and the District accepted.[2] The District Court also held that the August 12 meeting, at which Stapleford informed Wagner generally of the charges against him and offered Wagner a choice of resignation or suspension and termination proceedings, was sufficient to meet procedural due process standards for a pre-suspension hearing. The District Court rejected Wagner's

---

[1] In his pro se informal brief, Wagner generally refers to the dismissal of all claims but does not raise any specific issue with respect to the claims dismissed under Rule 12(b)(6). To the extent that he appeals the Rule 12(b)(6) dismissal, we conclude that the dismissal was proper for the reasons set forth in the District Court's Memorandum Opinion entered September 22, 2005. See Steamfitters Local Union No. 420 Welfare Fund v. Phillip Morris Inc., et al., 171 F.3d 912, 919 (3d Cir. 1999) (standard of review).

[2] The State Police investigation into alleged sexual harassment and other conduct did not result in criminal charges.

contention that he was terminated at the August 12 meeting, holding that the August 12 meeting was not a "de facto termination hearing" requiring due process protections. The District Court ruled that the District gave Wagner all of the process that he was due under Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985), when it informed him of the charges against him in writing and gave him an opportunity to respond to the District's notice of his right to request a hearing in June 2004. The District Court noted that it was only after Wagner failed to request a hearing that he was terminated in August 2004. As for Wagner's claim that the defendants deprived him of a liberty interest in his reputation without due process, the District Court held that Wagner was given the opportunity to have a "name-clearing hearing" when the District gave him the statement of charges against him and notice of his right to a hearing in accordance with Loudermill.

As for the state law claims, the District Court held that Wagner failed to show that the defendants conspired to report false allegations of sexual harassment because there was no record evidence that the allegations were false. The District Court rejected Wagner's claim that Stapleford and Beaumont defamed him by publishing false information about the sexual harassment allegations because there was no record evidence showing that the defendants were responsible for making public the news of Wagner's suspension and the District's investigation. The District Court determined that Stapleford discussed the circumstances surrounding Wagner's suspension with parents (one of whom happened to be married to a newspaper reporter) of Wagner's students and

4

gave comments to a reporter who contacted him to confirm information about the matter. The District Court held that Wagner's tortious interference claim failed because all of the defendants were parties to the collective bargaining agreement ("CBA") and, therefore, they were not "third parties" interfering with that contract. The District Court granted summary judgment on the breach of contract claim because Wagner failed to pursue the grievance procedure provided under the CBA for resolving contract disputes and because there was no record evidence that the defendants' conduct rendered the CBA null and void. Wagner timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's orders granting summary judgment. See Pub. Interest Research Group of N.J., Inc. v. Powell Duffryn Terminals, Inc., 913 F.2d 64 76 (3d Cir. 1990). Summary judgment shall be granted when "no genuine issue [exists] as to any material fact and [when] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the facts in the light most favorable to the nonmoving party and we draw all inferences in that party's favor. See Reitz v. County of Bucks, 125 F.3d 139, 143 (3d Cir. 1997). The "nonmoving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact." Pastore v. Bell Telephone Co. of Pa., 24 F.3d 508, 511-12 (3d Cir. 1994). Rather, the nonmoving party "must make a showing sufficient to establish the existence of every element essential to his case, based on the affidavits or by the depositions and admissions

on file." Harter v. GAF Corp., 967 F.2d 846, 852 (3d Cir. 1992). We will affirm for substantially the same reasons set forth by the District Court in its opinion. With respect to the state law civil conspiracy claim, we add only that there is no record evidence of an agreement or understanding among or between any of the defendants to violate Wagner's civil rights or to defame him.

Wagner argues on appeal that there is a genuine dispute of material fact with respect to the August 12 meeting. Wagner says that it was a de facto termination hearing. We disagree. As the District Court correctly concluded, the record evidence indicates that Wagner was not terminated until August 2004, after the District gave him a formal statement of charges and notified him of his right to have a hearing at which he could present his own witnesses and confront his accusers. Based on the contents of Wagner's letter requesting unpaid leave and the substance of the secretarial notes of the August 12 meeting (the accuracy of which Wagner does not dispute, see Plaintiff's Statement of Undisputed Facts at ¶ 11), reasonable jurors could conclude that Wagner was not terminated on August 12, 2003. Contrary to Wagner's assertions, Stapleford's testimony that he told Wagner to resign or be terminated does not conflict materially with the other record evidence. According to the secretarial notes of the meeting, Stapleford proposed resignation in lieu of termination proceedings. If Wagner chose not to resign, the District would place him on unpaid administrative leave and proceed with his dismissal at some point in the beginning of the new school year. In any event, as Wagner admitted in his

6

statement of facts, Stapleford could not effectively terminate Wagner's employment at the August 12 meeting because he had no authority to do so. In the absence of any competent evidence indicating that Wagner was summarily terminated on August 12, the District Court properly held that the due process claims with respect to the August 12 meeting lacked merit.

Accordingly, we will affirm the judgment of the District Court.