DLD-099                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3276
_____

RAYMOND EDWARD CHESTNUT,
Appellant

v.

J. FINCK; J. HARDY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-15-cv-00923)
District Judge:  Honorable William J. Nealon
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 11, 2018

Before:  JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion filed: January 22, 2018)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Raymond Chestnut, a federal prisoner proceeding in forma

pauperis, appeals from the District Court's order denying his motion for leave to amend

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

his complaint, and granting the defendants' motion for summary judgment. For the reasons discussed below, we will summarily affirm.

I.

Because we write primarily for the parties, who are already familiar with this case, we include only those facts necessary to reach our conclusion.

On May 12, 2015, Chestnut filed a <u>Bivens</u> complaint against defendants J. Finck and J. Hardy, two corrections officers at United States Penitentiary, Lewisburg, ("USP-Lewisburg"), where Chestnut was formerly confined. In his three-paragraph statement of claim, Chestnut alleged that the defendants verbally and physically assaulted him while he was being escorted from his cell on June 10, 2013. Chestnut alleged that the defendants kicked and punched him several times. Chestnut also alleged that, while the defendants were assaulting him, they stated "you fucking nigger you want to file all this fucking paperwork."

On July 21, 2015, the defendants filed a motion to dismiss or, in the alternative, for summary judgment. Chestnut filed a two-paragraph response, indicating only that he opposed the motion and that he would subsequently file a brief in support of his opposition. Instead of filing a brief, between November 25, 2015 and September 6, 2016, Chestnut filed four motions to extend the time to file his brief.[1]

---

[1] In part, Chestnut's motions for an extension of time argued that he did not have sufficient law library time to research his brief and that he did not have the opportunity to review videotape evidence submitted by the defendants. The defendants responded by providing prison logs and affidavits from prison officials showing that Chestnut had reviewed the video, and that he was afforded law library time. Chestnut then admitted

2

The District Court granted Chestnut three extensions of time, but Chestnut still failed to file a brief in support of his opposition. On July 11, 2016, Chestnut did file a motion to amend his complaint. Chestnut's proposed, twenty-paragraph amended complaint made substantially the same allegations as his original complaint, and clarified that Chestnut was bringing claims under the First, Fifth and Eighth Amendments.

On September 29, 2017, the District Court denied as untimely Chestnut's motion to amend his complaint. The same day – more than two years after the defendants filed their motion for summary judgment – the District Court denied Chestnut's request for a further extension of time to file his brief, and granted the motion as unopposed.

Because the motion was unopposed, the District Court deemed the defendants' statement of material facts admitted. See Fed. R. Civ. P. 56(e). The defendants' statement of material facts explained that, on June 10, 2013, as defendant J. Finck was escorting Chestnut from his cell, Chestnut attempted to assault Finck by hitting him with his head. Finck placed Chestnut on the floor using the least amount of force necessary to regain control of Chestnut and called for assistance. Defendant J. Hardy, who was walking behind Finck at the time, assisted Finck in holding Chestnut down as he continued to kick and spit at them.

The warden authorized the use of ambulatory restraints, which were applied by prison staff that arrived to relieve Finck and Hardy. Chestnut was escorted to a new cell

---

that he had seen the video, but alleged that it was blurry and that he needed a second opportunity to review it. Chestnut also alleged that prison officials fabricated their affidavits, and that he was not given the stated law library time.

3

where he was medically assessed. The assessment showed that Chestnut suffered an abrasion to his right shoulder and a small abrasion to the inside of his lower lip. There were no other signs of trauma or distress.

Finck subsequently issued a disciplinary incident report to Chestnut for attempted assault. Chestnut was found guilty and sanctioned to, among other things, the loss of good conduct time. Chestnut appealed the decision though the administrative remedy process and filed a habeas corpus action challenging the disciplinary report. The administrative remedy process upheld the disciplinary report and sanctions, and Chestnut voluntarily withdrew his habeas corpus petition.

Based on the undisputed material facts, the District Court found that the defendants were entitled to judgment as a matter of law on Chestnut's First, Fifth, and Eighth Amendment claims, and entered a judgment in favor of the defendants. This appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the denial of a motion for leave to amend a complaint. See Lorenz v. CSX Corp., 1 F.3d 1406, 1413 (3d Cir. 1993). We exercise plenary review over a grant of summary judgment. See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of

4

law.  Fed. R. Civ. P. 56(a); <u>Auto-Owners Ins. Co. v. Stevens & Ricci Inc.</u>, 835 F.3d 388, 402 (3d Cir. 2016).  We may summarily affirm if the appeal presents no substantial question.  <u>See</u> 3d Cir. LAR 27.4; I.O.P. 10.6.

III.

The appeal presents no substantial question regarding the District Court's order denying Chestnut's motion for leave to amend his complaint.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading "with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires."  Although "prejudice to the non-moving party is the touchstone for denial of an amendment," denial may also be "based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." <u>Lorenz</u>, 1 F.3d at 1414 (internal citations and quotation marks omitted).

In denying Chestnut's motion for leave to amend, the District Court did not make any finding of prejudice, but instead found that the motion was "grossly untimely."  We have held that there is "no presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue.'" <u>Arthur v. Maersk, Inc.</u>, 434 F.3d 196, 205 (3d Cir. 2006) (holding "a period of eleven months from the commencement of an action to the filing of a motion for leave to amend is not, on its face, so excessive as to be presumptively unreasonable").  And we are mindful to give a liberal construction to pro se pleadings, <u>see</u> <u>Huertas v. Galaxy Asset Mgmt.</u>, 641 F.3d 28, 32 (3d Cir. 2011)

5

(citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), particularly in civil rights cases where plaintiffs should generally be afforded leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Nonetheless, delay may become unreasonable in circumstances where "the facts were available to [the plaintiff] before she filed her original complaint," the plaintiff had ample opportunity to amend, and the proposed amendment would be futile. Lorenz, 1 F.3d at 1414.

Here, Chestnut's motion to amend his complaint – filed fourteen months after his original complaint – did not assert any facts that were unavailable when he filed his original complaint. The proposed amendment did little more than repeat the allegations in the complaint, despite the fact that the District Court had permitted Chestnut several extensions of time to oppose the defendants' dispositive motion. Under the circumstances, the District Court acted within its discretion when it found Chestnut's delay unreasonable and denied his motion as untimely. See Lorenz, 1 F.3d at 1414.

IV.

Nor does the appeal present any substantial question regarding the District Court's order granting the defendants' motion for summary judgment.

The District Court properly determined that Chestnut had sufficient notice and opportunity to contest the defendants' motion for summary judgment, even though it was styled in the alternative as a motion to dismiss, and even though Chestnut sought a fourth extension of time to file his brief in opposition. See Fed. R. Civ. P. 56; Hilfirty v. Shipman, 91 F.3d 573, 578 (3d Cir.1996) (affirming grant of summary judgment where

6

nonmoving party "had adequate notice that the court would convert defendants' motions to dismiss into summary judgment motions, as well as adequate opportunity to respond"). The District Court waited two years to rule on the motion, during which time it granted Chestnut three extensions of time to file a brief in support of his opposition. This was more than a sufficient opportunity for Chestnut to contest the motion.

Because Chestnut failed to dispute the defendants' statement of material facts, the District Court properly deemed those facts admitted, see Fed. R. Civ. P. 56(e), and granted the motion as uncontested. Since Chestnut "bears the burden of proof, he must make a showing sufficient to establish the existence of every element essential to his case" based on the evidence in the record. Harter v. GAF Corp., 967 F.2d 846, 852 (3d Cir. 1992) (citing Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Chestnut's failure to provide any evidence to support his claims, apart from the allegations in the complaint, is sufficient to warrant affirmance of the District Court's order. See id.[2]

As this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4; I.O.P. 10.6.

---

[2] Moreover, as the District Court explained, Chestnut's claims are meritless.